GREATHOUSE, Appellant,

v.

CITY OF EAST LIVERPOOL et al., Appellees.

[Cite as *Greathouse v. E. Liverpool*, 159 Ohio App.3d 251, 2004-Ohio-6498.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 03–CO–58.

Decided Dec. 2, 2004.

Pfau, Pfau & Marando and William E. Pfau III, for appellant.

Baserman Law Office and Mark W. Baserman; and Charles L. Payne, Law Director, for appellees.

---

GENE DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, Robert Greathouse, appeals from a Columbiana County Common Pleas Court decision granting defendants-appellees, the city of East Liverpool, Mayor Dolores Satow, and Safety Service Director Paul Wise, summary judgment on both of appellant's causes of action.

{¶ 2} Appellant began employment with the city of East Liverpool in 1969 as a laborer in the incinerator department and in 1991 became the superintendent of the street/incinerator department. During the term of his employment as superintendent, appellant was required to work overtime. Sometime in 1998 or 1999, after Satow became mayor, appellant contends, Satow informed him that he

would receive compensatory ("comp") time, instead of overtime pay, as had been the practice. Wise, appellant's direct supervisor, also agreed that the city would provide him comp time for the hours he documented.

{¶ 3} In early 2000, appellant notified Wise that he planned to retire. At Wise's instruction, his assistant, who was in charge of payroll, documented the time that appellant had worked beyond normally scheduled hours between May 3, 1995, and March 12, 2000. Wise's assistant calculated the hours at 1,145.13, signed the document, and submitted it for payment. Wise thereafter approved the payment. It was Wise's belief at the time that appellant would receive compensation for the documented hours. Likewise, as Satow understood the situation, appellant would receive payment for the comp time documented upon retirement. However, unbeknownst to Satow and Wise, certain city employees, namely department heads and supervisors such as appellant, were exempt, according to federal law, from the payment of overtime in any form.

{¶ 4} In February or March 2000, appellant began taking time off work and drawing on his comp time. From February 1, 2000, through July 17, 2000, appellant received payment for 712 hours of comp time. The city later determined that this comp time had been improperly paid to appellant due to his status as an overtime-exempt employee. On June 12, 2000, appellant tendered his resignation, effective July 28, 2000.

{¶ 5} On July 17, 2000, the city passed Ordinance 53,2000, which granted previously exempted city employees a maximum of 240 hours of payable comp time. Under the ordinance, the city could pay appellant for 240 hours of comp time. However, in order to recover the hours of improperly paid comp time accrued before the ordinance was enacted, the city reduced appellant's accrued and unused vacation time from 1999 by 240 hours, and his sick time by 232 hours. According to appellant, this resulted in an $11,323.28 loss. The city then paid appellant the remaining amount of his sick time, 240 hours of comp time pursuant to Ordinance 53,2000, and his unused vacation time for 2000 by check in the amount of $16,697.04.

{¶ 6} Additionally, during appellant's employment, the city secured medical insurance for its employees through Anthem Insurance Company. In June 2001, Anthem, then a mutual insurance company, began the process of demutualization to become a stock company. As part of the conversion process, the city was compensated for its interest in the old mutual company with shares of stock in the new company. Since public bodies are prohibited by the Ohio Constitution from being stockholders of any corporation or company, the city sold its shares back to Anthem and received approximately $800,000 from the sale. The city then placed this money in its general fund.

{¶ 7} Appellant filed a complaint on May 17, 2002, alleging three counts. In count one, he claimed rights to the proceeds of the Anthem stock received by the city because of the demutualization of Anthem. In counts two and three, he claimed entitlement to recover payment for overtime hours worked during his employment with the city. Appellees filed a motion for summary judgment. The trial court granted appellees summary judgment on the first two counts of the complaint. As to count three, appellant abandoned this cause of action, and the court dismissed it. Appellant thereafter filed his timely notice of appeal on October 28, 2003.

{¶ 8} Appellant raises two assignments of error, the first of which states:

{¶ 9} "The trial court erred by granting summary judgment on plaintiff-appellant's claim of misrepresentation."

{¶ 10} Appellant argues that, although appellees did not address the basis upon which they would be entitled to summary judgment on the misrepresentation claim, the trial court nonetheless held that appellant could not show justifiable reliance on the representations made. According to appellant, the trial court determined that he should not have relied on appellees' representations without checking to see whether there was legal authority for them to grant comp time to him. Appellant alleges this was error.

{¶ 11} Appellant contends that he justifiably relied on the representation made to him by his superiors. Moreover, appellant contends, the issue of justifiable reliance is usually a question of fact and therefore requires an inquiry into the relationship between the parties. *Lepera v. Fuson* (1992), 83 Ohio App.3d 17, 26, 613 N.E.2d 1060.

{¶ 12} Appellant further argues that lack of authority on Satow's and Wise's parts should not be a basis to relieve appellees from liability for their misconduct. He contends that it is clear that Wise and Satow gave him false information that induced him to retire, use time off, and make financial arrangements for his retirement. Appellant concludes that the issue of whether his reliance was justifiable is, at a minimum, a factual issue that requires an inquiry with respect to the relationships of the parties, making summary judgment inappropriate.

{¶ 13} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. *Cole v. Am. Indus. & Resources Corp.* (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179. Thus, we will apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel.*

*Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 14} Appellant's cause of action was for negligent misrepresentation. The Ohio Supreme Court has explained cause of action for negligent misrepresentation as follows: " 'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance* upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " (Emphasis sic.) *Delman v. Cleveland Heights* (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835, quoting 3 Restatement of the Law 2d, Torts (1965) 126–127, Section 552(1).

{¶ 15} The issue in this assignment of error comes down to whether there is a genuine issue of material fact regarding justifiable reliance on appellant's part.

{¶ 16} The trial court found that appellant could not justifiably rely on Satow's and Wise's statements about comp time because he was an exempt employee. It noted that the mayor and the safety service director had no authority to grant him comp time when appellant was not entitled to it. The court concluded that appellant could not justifiably rely on their representations without checking to see whether he was legally entitled to comp time.

{¶ 17} Appellant cites *Lepera*, 83 Ohio App.3d at 26, 613 N.E.2d 1060, for the proposition that justifiable reliance is usually a question of fact requiring an inquiry into the relationship between the parties. However, the claim in *Lepera* was for fraudulent inducement to enter into a contract for real estate. One of the elements of such a claim is justifiable reliance upon the representation under circumstances manifesting a right to rely. Id. at 23, 613 N.E.2d 1060. The buyer in that case alleged that the seller made false representations regarding the real estate upon which the buyer relied in deciding to purchase the property. The case dealt with the representations made by the seller and the relationship between the parties. There was no law dealing with the situation found in the matter at bar.

{¶ 18} Here, unlike in *Lepera*, federal law prohibits the benefit claimed by appellant. R.C. 124.18(A) provides that employees may be exempt from the overtime provisions set out in the statute if they meet the criteria for exemption from the payment of overtime compensation established in the Federal Fair Labor Standards Act of 1938. According to the Federal Fair Labor Standards Act, overtime provisions do not apply to "any employee employed in a bona fide

executive, administrative, or professional capacity." Section 213(a)(1), Title 29, U.S.Code. Appellant conceded that he was an exempt employee.

{¶ 19} Since appellant, by law, was an overtime-exempt employee, he could not justifiably rely on the misrepresentations by Satow and Wise. Legally, appellant could not collect comp-time payment. While we sympathize with appellant, we cannot conclude that he could justifiably rely on Satow's and Wise's statements when they were contrary to law.

{¶ 20} Because appellant is unable to establish the element of justifiable reliance, summary judgment was appropriate. For the reasons stated above, appellant's first assignment of error is without merit.

{¶ 21} Appellant's second assignment of error states:

{¶ 22} "The trial court erred by granting summary judgment on plaintiff-appellant's claim for benefits the city of East Liverpool received as a result of contributions made to the city of East Liverpool by appellant for health insurance."

{¶ 23} Appellant notes that as part of his employment the city agreed to purchase health insurance for him. In order to purchase this insurance, appellant continues, he contributed a portion of the premium from his paycheck, and, on his behalf, the city contributed an agreed portion as well. Appellant contends that the insurance policy was solely for his benefit, and not the city's benefit. Therefore, appellant claims, any ownership in the title of the policy was purely fiduciary in nature.

{¶ 24} Appellant alleges that when Anthem changed its structure, resulting in the stock payout to policy owners, the payout should have been to those persons with an equitable interest in the policy, namely appellant and his fellow employees. He contends that since the city received the insurance payout, it should have held the payout in either a constructive or a resulting trust for his benefit and that of the other employees. Appellant concludes that there was, at a minimum, sufficient evidence before the trial court to give rise to a material issue of fact as to whether a trust was created.

{¶ 25} Appellant admits that the city purchased the health insurance for his benefit, as well as for the benefit of the other employees. Because the city purchased the insurance, it was the owner of the policy. Had the city opted to change insurers, it would not have needed appellant's or other employees' permission to do so. Appellant in no way contends that he negotiated with Anthem, contracted with Anthem, purchased the policy through Anthem, or dealt with Anthem directly in any way. Furthermore, appellant stated that Anthem never gave him an actual policy or even a summary of benefits. All information appellant received regarding his health insurance came from Wise, his supervisor.

Appellant never dealt directly with Anthem. If he had any questions regarding his insurance, he spoke with Wise about them.

{¶ 26} Because the city, not appellant, contracted with Anthem and owned the policy, appellant was not entitled to the stock proceeds. As a benefit of his employment, the city provided appellant with health insurance—nothing more. Appellant cannot contend that he somehow owned the policy and was entitled to the stock proceeds.

{¶ 27} Accordingly, appellant's second assignment of error is without merit.

{¶ 28} For the reasons stated above, the trial court's judgment is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and DeGENARO, J., concur.