DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment. The court dismissed a complaint filed by the State of Ohio, ex rel. Teamsters Local Union No. 637 (Teamsters), and various City of Marietta employees (employees), on behalf of themselves and a class of other employees similarly situated, relators/plaintiffs below and appellants herein,[1] against the City of Marietta (Marietta city), respondent/defendant below and appellee herein.
 {¶ 2} Appellants assign the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION TO DISMISS BECAUSE UNDER THE OHIO CONSTITUTION THE CITY OF MARIETTA COULD NOT OWN THE PROCEEDS OF THE ANTHEM DEMUTUALIZATION."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION TO DISMISS BECAUSE AS A MATTER OF LAW THE CITY EMPLOYEES WERE THE SOLE OWNERS OF THE PROCEEDS OF THE ANTHEM DEMUTUALIZATION."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION TO DISMISS BECAUSE THE CITY EMPLOYEES PAID PREMIUM CONTRIBUTIONS TO ANTHEM."
 {¶ 3} Marietta provides employees group health insurance through Anthem Blue Cross and Blue Shield (Anthem). For many years, Anthem was an Indiana Mutual Insurance Company owned by its policyholders. In January 2002, the company converted from a mutual company to a stock company and issued shares of stock to policy holders in exchange for their ownership interest. As a result of this process, Anthem issued 14,034 shares of stock to Marietta which Marietta then sold for $743,802.
 {¶ 4} Appellants commenced the instant action and alleged, inter alia, that (1) covered employees own their health insurance policies, (2) Marietta obtained possession of the stock issued as a result of the demutualization and subsequently sold it and (3) Marietta "unlawfully retained" the sale proceeds and refused to give the proceeds to individual employee policyholders. Although appellants pled seven different "causes of action," their basic claim is to recover "all or a proportionate share" of the proceeds from the sale of stock.
 {¶ 5} Marietta filed no responsive pleading, but did move to dismiss the matter under Civ.R. 12(B)(6). Marietta argued that (1) appellants failed to exhaust their administrative and contractual remedies under their respective collective bargaining agreements, and (2) failed to state a claim on which relief could be granted in any of their seven causes of action.
 {¶ 6} Appellants argued that Marietta could not satisfy the Civ.R. 12(B)(6) dismissal standard, that the claims asserted in this case are not subject to the collective bargaining agreement provisions and that they are entitled to the proceeds from the sale of stock.
 {¶ 7} The trial court agreed that appellant's claims are not subject to arbitration under the collective bargaining agreements, but nevertheless sustained Marietta's motion to dismiss. The court reasoned that the "true heart" of this case is whether appellants are entitled to all of, or a share of, the proceeds of the stock sale. Citing Greathouse v. E. Liverpool,159 Ohio App.3d 251, 823 N.E.2d 539, 2004-Ohio-6498, the court held that Marietta is the "owner" of the health insurance policies and that the employees have no legally cognizable claim to either company stock or to proceeds from the sale. This appeal followed.
 I {¶ 8} Before we turn to the merits of the assignments of error, we pause to address the appropriate standard of review. When considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must presume that all factual allegations contained in a complaint are true and must construe all reasonable inferences in favor of the nonmoving party. State ex rel. Talwar v. State Med. Bd. ofOhio, 104 Ohio St.3d 290, 819 N.E.2d 654, 2004-Ohio-6410, at ¶5; Perez v. Cleveland (1993), 66 Ohio St.3d 397, 399,613 N.E.2d 199; Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192, 532 N.E.2d 753. Dismissal is proper only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. Maitland v. Ford Motor Co.,103 Ohio St.3d 463, 816 N.E.2d 1061, 2004-Ohio-5717, at ¶ 11; Yorkv. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144,573 N.E.2d 1063; O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. Appellate courts review dismissals for failure to state a claim de novo. Clemets v. Heston (1985), 20 Ohio App.3d 132, 133,485 N.E.2d 287; Walters v. Ghee (Apr. 1, 1998), Ross App. No. 96CA2254. In other words, appellate courts afford no deference whatsoever to a trial court's decision and independently review the complaint to determine if the Civ.R. 12(B)(6) requirements have been satisfied.
 II {¶ 9} We first consider, out of order, appellants' second and third assignments of error. Appellants contend that the "trial court erred as a matter of law" in dismissing the case because their complaint pled sufficient facts to show they were entitled to the stock sale proceeds.[2] For the following reasons, we agree with appellants.
 {¶ 10} As the trial court aptly noted, the underlying merits of this case hinges on appellants having a cognizable claim to the stock sale proceeds. If appellants had no right to the stock, and thus no right to the sale proceeds, no basis exists for any claim set forth in appellants' complaint.
 {¶ 11} Therefore, we agree with the trial court that (1) the issue of who owned the insurance policies is dispositive of this case, and (2) the principles set out in Greathouse are applicable here. We note that the facts in Greathouse are almost identical to the facts in the case sub judice. InGreathouse the appellant, a City of East Liverpool employee, was covered under a health insurance policy through Anthem Insurance. When Anthem demutualized, it issued stock to East Liverpool which the city promptly sold. The employee claimed that he was entitled to the sale proceeds and brought suit on that and on another claim. 2004-Ohio-6498, at ¶¶ 2-7. The trial court awarded summary judgment to East Liverpool and our colleagues on the Seventh District affirmed, in part, for the following reasons:
"Appellant alleges that when Anthem changed its structure, resulting in the stock payout to policy owners, the payout should have been to those persons with an equitable interest in the policy, namely appellant and his fellow employees. He contends that since the city received the insurance payout, it should have held the payout in either a constructive or a resulting trust for his benefit and that of the other employees. Appellant concludes that there was, at a minimum, sufficient evidence before the trial court to give rise to a material issue of fact as to whether a trust was created.
Appellant admits that the city purchased the health insurance for his benefit, as well as for the benefit of the other employees. Because the city purchased the insurance, it was the owner of the policy. Had the city opted to change insurers, it would not have needed appellant's or other employees' permission to do so. Appellant in no way contends that he negotiated with Anthem, contracted with Anthem, purchased the policy through Anthem, or dealt with Anthem directly in any way. Furthermore, appellant stated that Anthem never gave him an actual policy or even a summary of benefits. All information appellant received regarding his health insurance came from Wise, his supervisor. Appellant never dealt directly with Anthem. If he had any questions regarding his insurance, he spoke with Wise about them.
Because the city, not appellant, contracted with Anthem andowned the policy, appellant was not entitled to the stockproceeds. As a benefit of his employment, the city provided appellant with health insurance — nothing more. Appellant cannot contend that he somehow owned the policy and was entitled to the stock proceeds." (Emphasis added.) Id. at ¶¶ 24-26.
 {¶ 12} Although we believe that the Seventh District's reasoning is sound, we do not find its holding dispositive in the case sub judice in light of the different procedural postures of these cases. We again point out that the Greathouse case involved an appeal from a summary judgment. While it is unclear whether the policy ownership issue was addressed in the evidentiary materials of that case, the court nevertheless grounded its ruling on the proposition that East Liverpool was the owner of the policy in question.
 {¶ 13} By contrast, the case at bar involves a Civ.R. 12(B)(6) dismissal and the complaint's allegations must be accepted as true. With this in mind, we point out that paragraph nine of the amended complaint alleges that Anthem has "historically provided in its article of incorporation and/or bylaws that employees under a group health insurance plan were the policyholders or owners of said plan." Accepting this allegation as true, and making all favorable inferences in appellants' favor (as the nonmoving parties), we must accept, for purposes of Civ.R. 12(B)(6), that appellants were the owners of the Anthem health insurance policies and that they were entitled to the stock (or the sale proceeds) issued by Anthem as part of its demutualization. Again, we are not permitted under Civ.R. 12(B)(6) to look beyond the allegations contained within the complaint.
 {¶ 14} We emphasize that we do not decide today whether appellants were, in fact, the owners of the policies. Indeed, our opinion must not be construed as a decision on that underlying issue. Rather, we hold that the allegations in paragraph nine of the amended complaint are sufficient to defeat the Civ.R. 12(B)(6) motion to dismiss. Whether appellants were, in fact, the owners of the health insurance policies is an issue that must be explored in further detail on summary judgment, as was presumably done in Greathouse.
 {¶ 15} For these reasons (1) the second and third assignments of error are hereby sustained to the limited extent discussed infra, and (2) the remainder of appellants' second and third assignments of error, as well as the first assignment of error, are hereby rendered moot and are disregarded pursuant to App.R. 12(B)(1) (c).
 {¶ 16} Accordingly, based upon the foregoing reasons we hereby reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and this case be remanded for further proceedings consistent with this opinion. Appellants shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Opinion.
McFarland, J.: Dissents.
[1] Those employees include Teamsters member Darren Shane Cochran, non-union City employee Sandra Hickey, International Association of Firefighters Local 442 member Pat Molden, and Fraternal Order of Police member Allen Linscott.
[2] This argument appears as part of a joint subject heading for "assignment of error nos. 2 and 3" on page eighteen of the appellants' brief. We note that (1) the wording of assignments of error in the body of an argument should correspond to the wording used in the statement of the assignments of error (in this case, they do not) and (2) the Ohio Rules of Appellate Procedure require separate arguments for each error assigned in the brief. See App.R. 16(A) (7); Mtge. Electronic Registrations Sys. v.Mullins, 161 Ohio App.3d 12, 829 N.E.2d 326, 2005-Ohio-2303, at ¶ 22. An appellate court may jointly consider one or more assignments of error in its opinion, but appellants do not have the same option in presenting their arguments.