KLUG, Trustee, Appellant,

v.

TRIVISON, Appellee.

[Cite as *Klug v. Trivison* (2000), 137 Ohio App.3d 838.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76066.

Decided June 12, 2000.

*Benos, Cummings, Mann & Valenti, Eric H. Mann, Dana E. Cummings* and *John A. Valenti,* for appellant.

*Gregory R. Glick, L.L.C.,* and *Gregory R. Glick,* for appellee.

PATTON, Judge.

Plaintiff-appellant, Susan Klug, appeals the decision of the trial court granting the motion of defendant-appellee, Mary Trivison, to dismiss. On appeal, plaintiff argues that the trial court incorrectly found there was no activity conducted by defendant authorizing the exercise of personal jurisdiction over her.

The record reveals that plaintiff filed a complaint against defendant on June 5, 1998. The complaint stated that plaintiff was the trustee of a first trust which owned forty percent of the shares in the National Construction Company ("NCC"). NCC's owner, Donald N. Trivison, died in 1994 and the remaining

sixty percent of the shares in NCC were transferred via a bequest to a second trust of which defendant was the sole beneficiary. Upon Donald N. Trivison's death NCC ceased doing business.

The complaint alleged that following Donald N. Trivison's death, defendant acted as the trustee of the first trust even though she was not appointed to do so. In addition, defendant also acted as the director of NCC claiming that she had been appointed as director before Donald's death. The complaint claimed that this was in violation of Ohio law, which holds that a corporation must have no fewer than two directors. Furthermore, the complaint claimed that defendant failed to liquidate the assets of NCC in accordance with the wishes of the beneficiaries of the first trust. Plus, defendant continued to draw a salary and medical benefits from NCC, which reduced the value of NCC and violated her fiduciary duties. Lastly, the complaint stated that defendant has never rendered an accounting of her actions to plaintiff or a court regarding disbursement of property and monies. Plaintiff prayed for $46,834.63 in damages based on the amount of money defendant misappropriated for her own personal use.

Defendant responded to the complaint by filing a motion to dismiss. Attached to the motion to dismiss was an affidavit where defendant averred that she has resided in Florida since 1988, she has not conducted business in Ohio, has not attempted to contact plaintiff in Ohio, and therefore she has no minimum contacts with Ohio and the complaint should be dismissed for lack of personal jurisdiction. Plaintiff filed a brief in opposition to defendant's motion to dismiss.

Subsequently, the trial court erroneously granted defendant's motion to dismiss, stating that it was unopposed and well taken. Defendant filed a reply brief in support of her motion to dismiss. Plaintiff then filed a Civ.R. 60(B) motion for relief from judgment, which was granted by the trial court, and a supplemental brief in opposition to defendant's motion to dismiss.

On January 26, 1997, the trial court issued a journal entry granting defendant's motion to dismiss. The trial court found that there was no activity conducted in Ohio that authorized the exercise of personal jurisdiction over defendant. Approximately a month later, plaintiff filed her notice of appeal submitting a single assignment of error, which states as follows:

"The trial court erred by granting defendant's motion to dismiss for lack of personal jurisdiction."

Plaintiff argues the trial court should have denied defendant's motion to dismiss as she made a *prima facie* showing of personal jurisdiction. Applying R.C. 2307.382 and Civ.R. 4.3, plaintiff contends that defendant is amenable to personal jurisdiction in Ohio for several reasons.

First, plaintiff argues that defendant has transacted business in Ohio. Plaintiff claims that since defendant became the *de facto* trustee of the first trust as well

as a director of NCC, this amounts to transacting business in Ohio. In support, plaintiff maintains that because defendant was a trustee she was responsible for the obligations of the trust whose beneficiaries are Ohio residents, and there was a likelihood she would be "haled" into an Ohio court to enforce her performance of these obligations. One such obligation defendant failed to perform, plaintiff complains, was liquidating NCC's assets based on the demand of the trust beneficiaries. Second, defendant has engaged in a "persistent course of conduct," in accordance with R.C. 2307.382(A)(4) and (6), which has caused tortious injury to plaintiff in Ohio and outside of Ohio. The tortious conduct plaintiff refers to is defendant wrongfully converting the assets of NCC to her own use, refusing to liquidate and distribute the assets of NCC, and breaching her fiduciary duties to the beneficiaries of the trust and to the trust as a minority shareholder in the corporation.

Lastly, plaintiff claims that there are sufficient minimum contacts between defendant and the state of Ohio to authorize the exercise of personal jurisdiction over defendant. Plaintiff argues that defendant is the trustee of an Ohio trust, the beneficiaries of the trust reside in Ohio, defendant breached her fiduciary duties as director of NCC an Ohio corporation and as trustee of the trust. Plaintiff maintains that the minimum contacts result from defendant wrongfully exerting control over the assets of the trust and NCC by providing herself a salary and other benefits that are not being provided to the beneficiaries of the trust, which has a minority stake in NCC.

■ As an initial matter, we note the standard for our review. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756. As an appellate court, we must independently review the complaint to determine if dismissal was appropriate. *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279, 285, 620 N.E.2d 935, 938–939.

■ When determining whether a state court has personal jurisdiction over a nonresident defendant, courts are obligated to determine (1) whether the state's "long-arm" statute and applicable rules of civil procedure confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–185, 624 N.E.2d 1048, 1050–1052.

R.C. 2307.382(A) provides: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;

"* * *

"(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." See, also, Civ.R. 4.3(A)(1) and (A)(9).

▮ R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) authorize a court to exercise personal jurisdiction over a nonresident defendant and provide for service of process to effectuate that jurisdiction if the cause of action arises from the nonresident defendant's "[t]ransacting any business in this state." The phrase "transacting any business" is broad and encompasses more than "contract." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 479–480. Due to the breadth of the phrase "[t]ransacting any business," questions concerning the applicability of R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) have been resolved on " 'highly particularized fact situations, thus rendering any generalization unwarranted.' " *U.S. Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d at 1052.

R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(9) permit a court to exercise personal jurisdiction over a nonresident defendant and provide for service of process to effectuate that jurisdiction if the cause of action arises from a tortious act committed outside Ohio with the purpose of injuring persons, when the nonresident defendant might reasonably have expected that some person would be injured thereby in Ohio. *Clark v. Connor* (1998), 82 Ohio St.3d 309, 313, 695 N.E.2d 751, 755–756.

▮▮ It is the plaintiff who has the burden to establish that the trial court has personal jurisdiction over a nonresident defendant once the defendant timely challenges the court's jurisdiction. *Pharmed Corp. v. Biologics, Inc.* (1994), 97 Ohio App.3d 477, 480, 646 N.E.2d 1167, 1169. However, since the trial court did not hold a hearing, the plaintiff need only make a prima facie showing of jurisdiction to withstand the motion to dismiss. *Giachetti v. Holmes* (1984), 14 Ohio App.3d 306, 307, 14 OBR 371, 372–373, 471 N.E.2d 165, 166–167.

▮ Reviewing the instant record, we find plaintiff filed a complaint and submitted a copy of an order showing plaintiff was appointed trustee of the trust; an income tax return for the "Genevieve M. Trivison Trust B" signed by defendant; an income tax return for NCC showing defendant was paid $15,000 as

compensation as an officer of the company; several invoices from an accounting firm located in Ohio who completed the tax returns; and a returned check payable to the accounting firm from defendant. Taking the factual allegations in the complaint as true, we find that defendant is the trustee of an Ohio trust whose beneficiaries reside in Ohio and that she is the director of an Ohio corporation that pays her compensation and whose minority shareholder resides in Ohio.

■ The trial court stated, "[T]he unauthenticated invoices from an Ohio accounting service fail to demonstrate activity relating to the allegations in the complaint" and "they fail to substantiate activity which should draw an Ohio court's jurisdiction into play." This statement fails to consider that when ruling on a Civ.R. 12(B)(6) motion a court is supposed to presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Also, the trial court erroneously required that plaintiff support her allegations with evidentiary documents when this is not the standard to be applied to a motion to dismiss.

The complaint specifically alleges that defendant is illegally liquidating the assets of NCC, which is an Ohio corporation, and that defendant is breaching her fiduciary duties as a trustee of an Ohio trust. These two allegations present a set of facts in support of claims that would entitle plaintiff to relief if proven true when all reasonable inferences are made in favor of plaintiff. Moreover, in the affidavit that defendant submitted in support of her motion to dismiss she does not contravene any of plaintiff's allegations.

■ As to the authenticity of the documents plaintiff attached to her complaint, they are able to be considered as evidence in light of Civ.R. 10(C), which states, "A copy of any written instrument attached to a pleading is a part thereof for all purposes."

We conclude that plaintiff made a prima facie showing of personal jurisdiction, for the purpose of withstanding a motion to dismiss, and for that purpose only. Therefore, the trial court erred by granting the nonresident defendant's motion to dismiss without holding an evidentiary hearing. We express no opinion as to whether plaintiff can or will carry her ultimate burden of proving jurisdiction by a preponderance of the evidence. Furthermore, we remand this matter back to the trial court for a hearing on the issue of jurisdiction. Plaintiff's single assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

O'DONNELL, P.J., and MICHAEL J. CORRIGAN, J., concur.