OPINION
{¶ 1} The instant dispute arises from a foreclosure action initiated by The Park National Bank ("Park National") against defendants Shane and Lorri Chauvin. This appeal involves a dispute between two creditors who also claim an interest in the Chauvins' properties: appellant Countrywide Home Loans, Inc. ("Countrywide") and appellee GE Commercial Finance ("GE"). Countrywide appeals the March 21, 2005 judgment of the Court of Common Pleas, Union County, Ohio, in which the trial court found that Countrywide did not have an interest in the properties.
 {¶ 2} There are two properties at issue in the foreclosure action: a residence located at 12684 Taylor Road, Plain City, Ohio and a parcel of commercial property located at 1200-1202 Columbus Avenue, Marysville, Ohio. Both Countrywide and GE were named as defendants in the foreclosure action because they could claim an interest in one or both of the properties.
 {¶ 3} Countrywide filed an answer and counter-claim to the foreclosure complaint asserting an interest in the residence due to a mortgage recorded on May 23, 2003; Countrywide attached a copy of the promissory note and the mortgage to the answer and counterclaim pursuant to Civ.R. 10(D).[1] Countrywide asserted that this interest was superior to all other claimed interests except a lien on behalf of the county treasurer for property taxes due. Additionally, Countrywide asserted a cross-claim in this pleading against the Chauvins asserting a default on the mortgage and seeking foreclosure of the residential property. The Chauvins then filed an answer to the counter-claim, in which they admitted the essential allegations made in the cross-claim; the Chauvins admitted the existence and amount of the note and the mortgage, that the mortgage had been recorded in the Union County Records, and that they were in default on the mortgage.
 {¶ 4} GE also filed an answer to Park National's complaint claiming an interest in the properties. GE's interest arose pursuant to an assignment from KeyBank, which had an interest due to a Certificate of Judgment against the Chauvins filed in the Court of Common Pleas, Union County, Ohio on March 18, 2004. In this answer, GE sought a "determination that [GE] has a first-priority interest in all monies, payments, equity or other interests received from any sale of the subject Residence and Commercial Property * * *." However, GE did not attach to its answer any documentary materials required to establish this interest as required by Civ.R. 10(D).
 {¶ 5} Thereafter, attorney Frank Howard filed a Certificate of Title with the trial court. The Certificate of Title described the two properties, noted that the Chauvins had good and marketable title to the properties, and reported that the properties were subject to several liens and encumbrances. The attorney certifying title found that upon an examination in the Union County Records, the mortgage to Countrywide for $581,000.00 was first in priority after real estate taxes owed and was recorded on May 23, 2003 in Official Record 450, page 340 of the Union County Records. For purposes of this appeal, the next relevant interest was a mortgage to Park National for $565,000.00 recorded on September 2, 2003 in Official Record 484, page 621. This was followed by an interest on behalf of Keybank as a judgment creditor for $254,168.66 and $8,820.00 — the interest that was allegedly assigned to GE. Finally, Park National also held an interest as a judgment creditor for $554,505.78 from a judgment filed on May 19, 2004 in Union County.
 {¶ 6} A bench trial was held on December 20, 2004, where the parties agreed that there were no legal or factual issues concerning Park National's ability to foreclose, and counsel for Park National proposed a judgment entry based upon the priorities established in the previously filed Certification of Title. However, GE objected to this proposed entry, and for the first time disclosed a document they had discovered during their own title search, which purported to be a certified copy of a satisfaction of the Countrywide mortgage. The document listed the parcel in question as having the exact same parcel number as that listed for the residential property, and the property description matched the property description in the Countrywide mortgage. Counsel for GE submitted this document stating, "Now, there may be an explanation for this, there may be not. But I'm simply saying that this is an issue before the Court that * * * the Court may want to consider putting aside the residential matter if this cannot be adequately answered before the Court." Later during the proceeding, after Countrywide's counsel had an opportunity to examine the document, he pointed out to the trial court that the mortgage satisfaction applied to a previous mortgage held on the property, a different instrument than the mortgage under which Countrywide was asserting their first priority interest. The satisfaction released a mortgage dated December 2001; the mortgage Countrywide was asserting its interest under was from May 2003.
 {¶ 7} The trial court admitted the document over Countrywide's objection. The court then found in favor of Park National on the foreclosure issue and ordered the sale of the properties. However, the court did not make a decision on the marshalling issue due to the confusion surrounding the satisfaction, and instead ordered counsel for Countrywide and GE to submit briefs.
 {¶ 8} Rather than brief the marshalling issue, however, GE's post-trial brief asserted that Countrywide had failed to produce any testimonial or documentary evidence at trial demonstrating the existence of their interest in the residential property. Indeed, the trial transcript indicates that Countrywide called no witnesses or submitted any exhibits during the bench trial. Accordingly, the trial court issued a judgment entry finding that Countrywide had failed to demonstrate an interest in the property, and granted priority first to the county treasurer, second to Park National, and third to GE. Countrywide now appeals that judgment, asserting two assignments of error:
The trial court abused its discretion in allowing irrelevantand confusing evidence to be admitted at trial.
 The trial court erred when it failed to find that appellanthad first priority on the mortgage of the residential realproperty.
 {¶ 9} In its first assignment of error, Countrywide argues that the trial court erred in permitting GE to admit the "satisfaction of mortgage" into evidence. Countrywide first argues that the evidence was not relevant to the issues in the case, and therefore was inadmissible pursuant to Evid.R. 402. Additionally, Countrywide argues that even if the evidence was relevant, it should have been excluded under Evid.R. 403(A) because of its prejudicial effect.
 {¶ 10} First, it is clear that the satisfaction of mortgage was entirely relevant to the issues before the court. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Both Countrywide and GE asserted in their pleadings that they held a first priority interest in the Chauvins' properties. Moreover, the Chauvins had raised a marshalling claim in their answer to Park National's complaint. Accordingly, the issue of priority was squarely before the court in the trial proceedings. Therefore, any fact pertaining to the question of whether or not Countrywide's asserted interest had been previously satisfied was a relevant issue before the court. The satisfaction of mortgage certainly had a tendency to make this fact more or less probable, and therefore it was relevant evidence.
 {¶ 11} Second, the trial court did not abuse its discretion in admitting this relevant evidence. "The admission or exclusion of relevant evidence is within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, ¶ 2 of the syllabus, 510 N.E.3d 343. Pursuant to Evid.R. 403(A), otherwise relevant evidence must be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues.
 {¶ 12} In the instant case, there is no evidence that the satisfaction of mortgage was unfairly prejudicial or confused the issues before the trial court. The document presented the issue of whether Countrywide's asserted interest had been satisfied; this issue is directly related to whether or not Countrywide could claim a first priority interest in the property. Countrywide was free to rebut the evidence and affirmatively establish that its interest was still valid. Indeed, Countrywide's counsel demonstrated to the trial court that the mortgage satisfaction related to a previous mortgage dated December 12, 2001 and recorded in January 2002. Thus, the document clearly related to a previous mortgage and not to the mortgage under which Countrywide was asserting its present interest in the Chauvin residence, a mortgage that was recorded in May 2003. Thus, admission of the document did not prejudice Countrywide in any manner.
 {¶ 13} Accordingly, we find that the trial court did not abuse its discretion in admitting the mortgage satisfaction into evidence. Based on the foregoing, appellant's first assignment of error is overruled.
 {¶ 14} In its second assignment of error Countrywide argues that the trial court erred in finding that Countrywide had failed to provide any testimonial evidence in the trial court proceedings to establish its interest in the Chauvin's residential property. Moreover, Countrywide argues that the evidence in the record demonstrated that they had a first priority interest in the residence and that the trial court erred in failing to find in their favor on the marshalling issue.
 {¶ 15} The first issue we must address under this assignment of error is whether or not there was evidence in the record before the trial court to establish Countrywide's interest. If not, then Countrywide has failed to assert its interest and cannot be found to have first priority. Then, assuming there is evidence before the trial court to establish Countrywide's interest, the question becomes whether there is competent, credible evidence in the record to support the trial court's finding that priority went first to Park National and second to GE, after court costs and property taxes. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons CoalCo. v. City of Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 {¶ 16} There are three pieces of documentary material in the record that Countrywide points to as establishing its interest in the Chauvins' residence: (1) copies of the mortgage and promissory note that were attached to their answer and counter-claim, (2) the certificates of title filed with the court pursuant to Union County Loc.R. 21.01, and (3) the admissions made by the Chauvins in their answer to Countrywide's counter-claim.
 {¶ 17} The first documents at issue, the documents attached to Countrywide's pleading pursuant to Civ.R. 10(D), were never admitted into evidence before the trial court and therefore cannot be relied on as evidence establishing Countrywide's evidence. Although these documents must be attached to a pleading pursuant to the rule, this is for purposes of establishing a claim or defense and not for purposes of presenting evidence. Thus, while these documents can be sufficient to overcome a Civ.R. 12(B)(6) motion for failure to state a claim, see Klug v.Trivison (2000), 137 Ohio App.3d 838, 842-43, 739 N.E.2d 1243, they are not "evidence" before the court unless and until the trial court admits them into evidence on the motion of one of the parties. Accordingly, Countrywide is not permitted to rely on these documents in arguing that it presented evidence of its interest in the residence in the proceedings before the trial court.
 {¶ 18} The second document, the certificates of title filed by independent counsel pursuant to Loc.R. 20.01, are also not evidence before the court. This rule provides in pertinent part:
20.01 In actions for the marshalling and foreclosure of liens,any other judicial sale of real estate, or any action involvingtitle to real estate, the attorney for the plaintiff shallprocure and file with the Clerk, a Certificate of Title from adisinterested attorney, showing all necessary parties areproperly before the Court, prior to any judgment or Order of Salebeing made.
Thus, the purpose of the rule is to establish any potential
interests that may be claimed against the real estate being foreclosed upon and to determine all necessaries parties to the foreclosure action. The rule is not meant to conclusively establish the validity and priority of the claims. There is nothing in the rule itself that establishes this title search as evidence before the court, and we have found no case law supported this conclusion. This is not to say that a party may not independently move to have the uninterested attorney's certificate of title admitted into evidence, but without this additional step we cannot conclude that the certificate filed with the court pursuant to this rule is testimonial evidence. In the case sub judice, the certificate of title was never admitted into the evidentiary record, and therefore Countrywide cannot rely upon it as evidence establishing their interest in the residence.
 {¶ 19} However, Countrywide is entitled to rely upon the Chauvins' admissions in their pleadings as evidence establishing their interest. "It is elementary that a party who has alleged and has the burden of proving a material fact need not offer any evidence to prove that fact if it is judicially admitted by the pleadings of the adverse party." Gerrick v. Gorsuch (1961), 172 Ohio St. 417, 420, 178 N.E.2d 40; see also Rhoden v. Akron
(1988), 61 Ohio App.3d 725, 727, 573 N.E.2d 1131 ("It is elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact."). Thus, an admission of a material fact made in a pleading dispenses with the need to prove that fact at trial. Rhoden,61 Ohio App.3d at 727.
 {¶ 20} Countrywide alleged in its cross-claim against the Chauvins that it had an interest in the residence due to a mortgage and promissory note. Countrywide also alleged that this interest was recorded in the Union County Records on May 23, 2003 in Official Record 450, page 340. Finally, Countrywide alleged that the Chauvins were in default on the mortgage, permitting Countrywide to foreclose on the property. The Chauvins expressly admitted all of these allegations in their answer to Countrywide's counter-claim. Due to these admissions, the existence of Countrywide's interest and its date of recording was conclusively established, relieving Countrywide of the need to put forth additional evidence of its claim. See Donofrio v.Vaughn (Sept. 1, 1977), Eighth Dist. No. 36174, unreported,1977 WL 201424, *7.
 {¶ 21} Moreover, counsel for the Chauvins reaffirmed these admissions at the trial court proceedings. He indicated that the Chauvins "[had] admitted all of the key facts necessary for the parties to go forward on the pleadings to get a judgment." He also indicated that his client were willing to sign an agreed entry due to these admissions, in part to alleviate Countrywide of the need to bring in a witness from its offices in Los Angeles to attest to the existence of the mortgage. Accordingly, because the existence of the mortgage and promissory note as well as the date of its recordation have been admitted by the Chauvins, the existence of Countrywide's interest has been established in the trial court proceedings. This relieves Countrywide of the need to present in-court testimonial evidence to establish its interest.
 {¶ 22} The remaining question is whether there is competent, credible evidence in the record supporting the trial court's decision that Park National had first priority in the properties and GE had second priority. We find there is no competent, credible evidence to support this conclusion. The documentary evidence and the admissions of the Chauvins regarding that evidence all indicate that Countrywide's interest in the residential property was recorded in May 2003. The record also establishes that Park National's interest and GE's interest both arose from judgment entries entered into in 2004. Accordingly, the record conclusively establishes that Countrywide had a first priority interest in the residential property.
 {¶ 23} Based on the foregoing, we find that there was no competent, credible evidence in the record to support the trial court's finding. Appellant's second assignment of error is sustained, and the judgment of the trial court is hereby reversed, and the case is remanded for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Cupp, J., concurs;
 Rogers, J., concurs in Judgment Only.
[1] Civ.R. 10(D)(1) provides: "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."