OPINION
{¶ 1} This is an appeal from a summary judgment for Defendant-Appellee, Village of Potsdam, on Plaintiffs-Appellants' claims for unpaid wages.
 {¶ 2} Plaintiffs commenced the underlying action on December 31, 2003. Their complaint alleged three claims for relief: a "claim for lost wages," quantum meruit, and conversion. Plaintiffs filed an Amended Complaint on January 15, 2004. The superseding Amended Complaint alleged but two claims for relief: the same "claim for lost wages" and conversion.
 {¶ 3} Count One of the Amended Complaint is captioned "Claim For Lost Wages," and states:
 {¶ 4} "7. Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 6 of their First Amended Complaint as if fully rewritten hereunder.
 {¶ 5} "8. Pursuant to the aforementioned written and verbal employment contracts, Plaintiffs entered on the performance of their duties as Police Officers and faithfully and diligently performed all the duties specified in the aforementioned contracts and complied with such contracts in every respect. Furthermore, Plaintiffs complied with their statutory obligations pursuant to the Revised Code of the State of Ohio.
 {¶ 6} "9. On or about December 1999, the Village informed Plaintiffs that Plaintiffs' services as Police Officers were no longer required by the Village and that Plaintiffs' employment by the Village would be formally terminated on or about March 13, 2000.
 {¶ 7} "10. The Village never formally terminated Plaintiffs from their employment as Village Police Officers and has never rescinded the aforementioned resolutions and/or ordinances.
 {¶ 8} "11. The Village in bad faith failed to provide Plaintiffs with their required wages for services performed. The Contracts required the Village to pay the Plaintiffs compensation for their period of employment at not less than for (4) years. The Village's failure to pay Plaintiffs their compensation is in direct violation of the Contracts and Ohio Revised Code 737, et seq.
 {¶ 9} "12. Although Plaintiffs have demanded payment of wages for hours worked and fringe benefits as provided in the aforementioned contracts, resolutions and/or ordinances, the Village, at all times material hereto, has, without justification, refused to pay Plaintiffs their earned wages and fringe benefits.
 {¶ 10} "13. Plaintiffs have been wrongfully excluded from their positions as Police Officers without formal termination and are entitled to the amount they would have earned during the period of exclusion.
 {¶ 11} "14. As a direct and proximate result of the Village's failure to provide payment to Plaintiffs for wages and fringe benefits, Plaintiffs have been injured."
 {¶ 12} In Chaney v. Village of Potsdam (Feb. 11, 2005), Miami App. No. 2004-CA-16, 2005-Ohio-603, we held that no contract of employment existed between Plaintiffs and the Village of Potsdam. That appeal was from a judgment in another action arising from the same dealings between these parties on which the action underlying this appeal was founded.
 {¶ 13} Defendant, Village of Potsdam, filed a Civ.R. 56 motion for summary judgment in the present case on both claims for relief in Plaintiffs' Amended Complaint. The trial court granted summary judgment in both. Concerning the claim for lost wages, the court held that our prior ruling that no contract existed bars the claim. The court went on to state: "Although not specifically pled as such in the amended complaint, it could be argued the first count presents a claim for unjust enrichment, since no employment contract existed in this case." (Judgment Entry, March 15, 2005), p. 2). The court then held that unjust enrichment claims cannot lie against political subdivisions such as the Village of Potsdam.
 {¶ 14} Plaintiffs filed a timely notice of appeal. They present a single assignment of error.
ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO VILLAGE OF POTSDAM ON PLAINTIFFS' LOST WAGES CLAIM."
 {¶ 16} Plaintiffs contend that the trial court erred when it held that a claim for unjust enrichment cannot lie against a political subdivision. They argue that "[p]ublic policy demands that persons who legitimately perform services for political subdivisions should be provided compensation for those services." (Brief, p. 8).
 {¶ 17} We agree with Plaintiffs, at least in principle. We also note that the bar against unjust enrichment claims which the trial court cited generally applies when an agreement pursuant to which the services were provided to a political subdivision of the state fails to comply with statutory requirements. See 78 Ohio Jurisprudence 3d Section 110. However, if such an impediment exists, the public officers who entered into the agreement on behalf of the political subdivision may, in certain circumstances, be held personally liable for losses a contractor suffers. None of these issues are before us, however. Likewise, neither was the merits of an unjust enrichment claim before the trial court.
 {¶ 18} The "claim for lost wages" pleaded in the Amended Complaint alleged the existence of a contract and its breach. Our prior holding that no contract existed could permit a claim for unjust enrichment because, except where the two claims are pleaded in the alternative pursuant to Civ.R. 8(E)(2), the existence of a contract precludes a claim for unjust enrichment. However, the lack of a contract does not convert a breach of contract claim to one alleging unjust enrichment. Operative facts must be pleaded showing "that the party is entitled to relief." Civ.R. 8(A). Otherwise, the adverse party lacks fair notice of the nature of the claim it must answer. Devore v. Mutual of Omaha Ins. Co. (1972),32 Ohio App.2d 36.
 {¶ 19} Unjust enrichment of a person occurs when the person has and retains money or benefits that in justice and equity belong to another.Hummel v. Hummel (1938), 133 Ohio St. 520. It arises not only where an expenditure by one person adds to the property of another, but also where the expenditure saves the other from expense or loss. 66 American Jurisprudence 2d, Restitution and Implied Contracts, Section 3. The complaining party must therefore ordinarily show not only loss on one side but also some gain on the other, with a tie of causation between them. Fairfield Ready Mix v. Walnut Hills Associates, Ltd. (1988),60 Ohio App.3d 1.
 {¶ 20} The allegation in Plaintiffs' claim for lost wages that they "entered on the performance of their duties as Police Officers and faithfully and diligently performed all the duties specified" does not show what loss or expense was saved by the Village of Potsdam and how Plaintiffs' alleged loss produced a gain for the Village. Thus, no unjust enrichment claim is pleaded.
 {¶ 21} Plaintiffs do not argue that they pleaded an unjust enrichment claim. Instead, they challenge the trial court's holding in the summary judgment it granted that no claim for unjust enrichment could lie in this circumstance. We agree that the trial court erred when it granted summary judgment against Plaintiffs on a claim for unjust enrichment.
 {¶ 22} The relief the court is authorized by Civ.R. 56(C) to grant may be granted only on the motion of a party. Civ.R. 56(B) permits a defending party to move for summary judgment on claims asserted against it. Because Plaintiffs pleaded no claim for unjust enrichment, the Village of Potsdam could not seek summary judgment on that claim. Likewise, neither could the trial court grant summary judgment on it. Therefore, the court erred when it granted summary judgment on a claim for unjust enrichment.
 {¶ 23} The assignment of error is sustained. Pursuant to the authority conferred on us by Article IV, Section 3(B)(2) of the Ohio Constitution, the trial court's judgment will be modified to vacate its reference to a claim for relief for unjust enrichment, and as modified the judgment will be affirmed.
Wolff, J. and Donovan, J., concur.