NATIONAL CITY MORTGAGE COMPANY, Appellee,

v.

WELLMAN et al., Appellants.

[Cite as *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 06CA29.

Decided Jan. 18, 2008.

Huffer and Huffer Co., L.P.A., and Roy H. Huffer, for appellants.

Barren & Merry Co., L.P.A., Beth M. Miller, and Thomas R. Merry, for appellee.

McFARLAND, Judge.

{¶ 1} Defendants-appellants, Mark and Gina Wellman, appeal the order and entry of the Pickaway County Court of Common Pleas granting motions of plaintiff-appellee, National City Mortgage Company. The trial court granted appellee's motion to enforce a settlement agreement and its motion to dismiss appellants' counterclaim. Appellants contend that there was error below in that (1) the trial court did not treat the motion to enforce the settlement agreement as a motion for summary judgment, (2) the trial court did not treat appellee's motion to dismiss appellants' counterclaim as a motion for summary judgment, and (3) the trial court failed to make findings of fact and conclusions of law as required by Civ.R. 52.

{¶ 2} Because there is no authority for appellants' argument that a motion to enforce a settlement agreement must be converted into a motion for summary judgment, when matters outside the pleadings are considered, appellants' first assignment of error is without merit. Further, because the settlement agreement was incorporated into the pleadings, the trial court was not required to convert appellee's motion to dismiss into a motion for summary judgment. Thus, appellants' second assignment of error is also without merit. Finally, because Civ.R. 52 does not apply to motions to dismiss and because the trial court's entry, along with the record, provided an adequate basis to decide appellants' first assignment of error, appellants' third assignment of error is also without merit. Accordingly, we overrule each of appellants' assignments of error and affirm the decision of the trial court.

I. Facts

{¶ 3} In 1994, appellants executed a mortgage on their residence that was subsequently assigned to appellee. In May 2002, appellee began foreclosure proceedings on the mortgage by filing a complaint against appellants. The foreclosure proceedings were stayed when appellants filed for bankruptcy protection. Appellants' bankruptcy case was subsequently dismissed, and the foreclosure case was reactivated.

{¶ 4} Once the case was reactivated, appellants and appellee entered negotiations regarding a forbearance period that would permit appellants to refinance the property or reinstate their obligations through a loan-modification agreement. As a result of these negotiations, a settlement agreement, entitled "Forbearance Agreement" was drafted.

{¶ 5} The settlement agreement contained enumerated recitals of fact. The recitals included statements that appellee "is willing to grant limited forbearance to [appellants] in strict compliance with the terms and conditions of this Agreement" and "[appellants] are represented by legal counsel, and have consulted such counsel prior to entering into this Agreement, and have relied upon the advice of counsel in executing and delivering this Agreement and the Agreed Foreclosure Decree described bellow."

{¶ 6} The settlement agreement also contained an enumerated list of agreements of the parties. One of these agreements was that appellants approved an agreed foreclosure decree that appellee could present to the trial court for entry as a final order. In another agreement, appellants confirmed that the present balance owed to appellee was accurately reflected in the agreed foreclosure decree. A further agreement stated that appellants had no claims or defenses against appellee that might affect the enforceability of the mortgage and that appellants released appellee from "any and all claims, causes or action, suits, debts, demands and liabilities, of any kind, character or nature whatsoever, known or unknown, fixed or contingent, which [appellants] or either of them may have or claim to have as of the date of this Agreement." Both parties signed the settlement agreement in January 2003. Pursuant to the settlement agreement, appellants also signed the agreed foreclosure decree.

{¶ 7} Before the agreed foreclosure decree was submitted to the trial court, appellants filed another Chapter 13 bankruptcy, and the foreclosure action was again stayed. In July 2005, appellants were dismissed from all bankruptcy protection. Subsequently, the foreclosure action was reinstated and placed on the trial court's active docket. In February 2006, appellee filed a motion to enforce the settlement agreement.

{¶ 8} Appellants filed a response to the motion and, additionally, filed an answer and counterclaim to appellee's complaint. Appellee then filed a motion to dismiss appellants' counterclaim. In September 2006, the trial court conducted a hearing on the matter and, at the conclusion of the hearing, orally granted appellee's motion to enforce the settlement agreement. After the hearing, appellants requested findings of fact and conclusions of law pertaining to the trial court's decision. On October 31, 2006, the trial court entered an order and entry granting appellee's motion to enforce the settlement agreement and its motion to dismiss appellants' counterclaims. It is that entry that gives rise to the current appeal.

## II. Assignments of Error

{¶ 9} "1. The trial court erred by enforcing a rebutted settlement agreement, which is outside the pleadings, in favor of plaintiff-appellee, without treating plaintiff-appellee's motion as one for summary judgment, pursuant to Civ.R. 56.

{¶ 10} "2. The trial court erred in dismissing defendants-appellants' counterclaim which alleged plaintiff-appellee had committed some twelve (12) instances of fraud by not properly crediting defendants-appellants' payments, without treating plaintiff-appellee's motion as one for summary judgment, pursuant to Civ.R. 56.

{¶ 11} "3. The trial court erred in failing to file separate findings of fact and conclusions of law, pursuant to Civ.R. 52."

### III.   First Assignment of Error

■   {¶ 12} In their first assignment of error, appellants contend that the trial court erred by not treating appellee's motion to enforce the settlement agreement as a Civ.R. 56 motion for summary judgment.

{¶ 13} In certain circumstances, a motion to dismiss for failure to state a claim, under Civ.R. 12(B)(6), must be converted to a motion for summary judgment. "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.  Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56.  All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."  Civ.R. 12(B).  In the case at bar, because the motion to enforce the settlement agreement was not a motion to dismiss under Civ.R. 12(B), there are no grounds for converting it into a motion for summary judgment.

■   {¶ 14} "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431.  A trial court may enforce such a motion even if the parties do not agree on the interpretation of the terms of the settlement. *Cembex Care Solutions v. Gockerman,* 1st Dist. No. C–050623, 2006-Ohio-3173, 2006 WL 1716105, at ¶ 8.

{¶ 15} There is simply no precedent for requiring a court to treat a motion to enforce a settlement agreement as a motion for summary judgment.  The cases cited by appellants all involve situations in which a trial court considered matters outside the pleadings in a motion to dismiss.  These authorities have no relevance when a motion to enforce a settlement agreement is at issue.  Accordingly, in ruling on appellee's motion to enforce the settlement agreement, the trial court was free to consider matters outside the pleadings.  Appellants' first assignment of error is overruled.

## IV.   Second Assignment of Error

{¶ 16} Appellants argue, in their second assignment of error, that the trial court erred in dismissing their counterclaim against appellee without converting the motion to dismiss into a motion for summary judgment.

{¶ 17} If a motion to dismiss for failure to state a claim upon which relief can be granted relies on matters outside the pleadings, the trial court must convert the motion into a Civ.R. 56 motion for summary judgment. *JNS Ents., Inc. v. Sturgell,* 4th Dist. No. 05CA2814, 2005-Ohio-3200, 2005 WL 1492002, at ¶ 8. However, under Civ.R. 10, "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." When considering Civ.R. 12(B) motions to dismiss, "courts may consider written instruments if they are attached to the complaint." *Cooper v. Highland Cty. Bd. of Commrs.,* 4th Dist. No. 01CA15, 2002-Ohio-2353, 2002 WL 1003525, at ¶ 9. See also *Scardina v. Abu Ghannam,* 7th Dist. No. 04–MA–81, 2005-Ohio-3315, 2005 WL 1523817; *Park v. Acierno,* 160 Ohio App.3d 117, 2005-Ohio-1332, 826 N.E.2d 324; *Klug v. Trivison* (2000), 137 Ohio App.3d 838, 739 N.E.2d 1243 (documents attached to complaint may be considered on a motion to dismiss); *Realtek Industries, Inc. v. Nomura Secs.* (N.D.Ohio, 1996), 939 F.Supp. 572 (exhibits appended to complaint are part of the complaint for all purposes).

{¶ 18} In the case sub judice, appellants attached the settlement agreement, among other documents, to their answer and counterclaim. Thus, following the holdings of the cases cited above, the settlement agreement became part of the pleadings. Accordingly, the trial court was able to consider the settlement agreement in ruling on appellee's Civ.R. 12(B)(6) motion to dismiss appellants' counterclaim. Thus, the trial court was not required to treat appellee's motion to dismiss for failure to state a claim as a motion for summary judgment under Civ.R. 56.

{¶ 19} Appellants assert, in their second assignment of error, only that the trial court erred on the narrow issue of failing to convert the motion. However, had appellants more directly challenged the motion to dismiss, we would still have been unable to sustain the assignment of error.

{¶ 20} Appellate courts review claims of failure to state a claim for which relief can be granted de novo. *State ex rel. Teamsters Union No. 637 v. Marietta,* 4th Dist. No. 05CA8, 2005-Ohio-7108, 2005 WL 3642030, at ¶ 8. "When considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must presume that all factual allegations contained in a complaint are true and must construe all reasonable inferences in

favor of the nonmoving party." Id. "In order for a court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the moving party can prove no set of facts in support of his claim that would entitle him to relief." *Cooper*, 2002-Ohio-2353, 2002 WL 1003525, at ¶ 8. In the case sub judice, no set of facts alleged by appellants would entitle them to relief, because their counterclaim was prohibited by the terms of the settlement agreement.

{¶ 21} As previously stated, the settlement agreement specifically released appellee from "any and all claims, causes or action, suits, debts, demands and liabilities, of any kind, character or nature whatsoever, known or unknown, fixed or contingents, which [appellants] or either of them may have or claim to have as of the date of this Agreement." Because this agreement was, by incorporation, part of the pleadings and was clear and unambiguous on its face, the trial court was allowed to consider the instrument in ruling on the motion to dismiss. Id. at ¶ 9. Because of their explicit and knowing agreement to waive any and all claims, no set of facts would have allowed appellants to maintain a counterclaim against appellee. Accordingly, for the reasons stated above, appellants' second assignment of error is overruled.

## V. Third Assignment of Error

{¶ 22} In their third and final assignment of error, appellants contend that the trial court erred by failing to file separate findings of fact and conclusions of law pursuant to Civ.R. 52. Appellants requested those findings of fact and conclusions of law after the trial court held a hearing on the motions. Appellants argue that the trial court's written order and entry was not sufficient to meet the requirements of Civ.R. 52.

{¶ 23} Civ.R. 52 states: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law." Civ.R. 52.

{¶ 24} Appellee's motion to dismiss was filed pursuant to Civ.R. 12(B)(6). Under Civ.R. 52, "[f]indings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." (Emphasis added.) Accordingly, insofar as it related to appellee's motion to dismiss appellants' counterclaim, the trial court had no duty to provide findings of fact and conclusions of law. See *In re Wells*, 7th Dist. No. 03 BE 76, 2004-Ohio-1572, 2004 WL 1152844, at ¶ 16; *State ex rel. O'Brien Farm v. Adams Cty. Bd. of Commrs.* (Feb. 24, 1997), 4th Dist. No. 96 CA 626, 1997 WL 88965, at *8.

{¶ 25} Next, we turn to the application of Civ.R. 52 to appellee's motion to enforce the settlement agreement. The purpose of Rule 52 is to establish a record so that reviewing courts can conduct meaningful review. *Salisbury v. Smouse,* 4th Dist. No. 05CA737, 2005-Ohio-5733, 2005 WL 2812754, at ¶ 15. "A trial court's decision reciting various facts and a legal conclusion satisfies the requirements of Civ.R. 52 when, taken together with other parts of the trial court's record, the decision forms an adequate basis upon which to decide the legal issue presented upon appeal." Id. "The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented." *Brandon/Wiant Co. v. Teamor* (1999), 135 Ohio App.3d 417, 423, 734 N.E.2d 425, citing *Werden v. Crawford,* 70 Ohio St.2d 122, 124, 24 O.O.3d 196, 435 N.E.2d 424.

{¶ 26} In the case sub judice, the narrow legal issue presented for review is whether the trial court was required to treat appellee's motion to enforce the settlement agreement as a motion for summary judgment. The four-page entry of the trial court, in conjunction with other parts of the record, provided us with an adequate basis to determine that it was unnecessary for the trial court to do so. Because we had an adequate basis to make that determination, the requirements of Civ.R. 52 were satisfied. Accordingly, appellants' third assignment of error is overruled.

## VI. Conclusion

{¶ 27} In our review, we find that the trial court was not required to treat appellee's motion to enforce the settlement agreement as a motion for summary judgment. Similarly, the court was not required to treat appellee's motion to dismiss as a motion for summary judgment because the settlement agreement was incorporated into the pleadings. Finally, the trial court's order and entry satisfied the requirements of Civ.R. 52, because it, along with the record, gave us an adequate basis to decide the issues presented. Accordingly, we affirm the order and entry of the trial court and overrule each of appellants' assignments of error.

Judgment affirmed.

ABELE, P.J., and KLINE, J., concur in judgment only.