[Cite as *Strahler v. Vessels*, 2012-Ohio-4170.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| CLAUDIA SUE STRAHLER, | : | Case No. 11CA24 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ETHAN VESSELS, et al., | : | |
| | : | **RELEASED 09/07/12** |
| | : | |
| Defendants-Appellants. | : | |

_____
APPEARANCES:

Timothy C. Loughry, Marietta, Ohio, for appellants James and Karen Amrine.

William L. Burton, BURTON LAW OFFICE, LLC, Marietta, Ohio, for appellee Sue Strahler.
_____
Harsha, J.

{¶1}    Claudia Strahler filed suit against James Amrine, Karen Amrine, and others to establish her right to certain real property based on an oral contract.  The trial court held that one of the defendants purchased the property from the Amrines as a bona fide purchaser for value, so Strahler had no right to it.  However, the court ordered the Amrines to pay Strahler damages for various property-related expenditures she made under the theory of unjust enrichment.

{¶2}    On appeal, the Amrines contend that the trial court erred when it granted Strahler a judgment based on unjust enrichment because she failed to plead that cause of action in her complaint or request damages based on it.  We agree that the allegations in the complaint did not give the Amrines fair notice of an unjust enrichment claim for damages.  Accordingly, we reverse the portion of the court's judgment

awarding Strahler damages and remand for further proceedings.  This decision renders the Amrines' additional arguments moot.

## I.  Facts

{¶3}    Strahler filed a complaint against the Amrines, Ethan Vessels, and Jonathan Dehmlow.  Strahler claimed that she purchased property located at 307, 307½, and 309 Second Street, Marietta, Ohio, from the Amrines under an oral contract and made monthly payments to them.  In 2005, and presumably before she paid the full purchase price, Strahler and the Amrines agreed to sell the 309 property to Dehmlow.  This sale lowered the amount Strahler owed the Amrines.  Afterwards, Dehmlow claimed he had a right of first refusal for the 307 and 307½ properties.  In 2010, Vessels entered into a contract with James Amrine to purchase the 307 and 307½ properties.  Strahler alleged that since that time, the defendants "harassed and interfered with [her] enjoyment of her business property and with her lease with tenants in the building." (Complaint ¶ 12).  Strahler claimed she "expended a significant amount of money on this property, which should be reimbursed to her by Defendants."  (Complaint ¶ 17).  In her prayer for relief, she requested a judgment to establish her ownership of the 307 and 307½ properties, "damages caused * * * [b]y the Defendants' wrongful interference with the legal rights of the Plaintiff in an amount to be determined," "such other and further relief that the circumstances warrant," and other remedies not relevant here.

{¶4}    Vessels and Dehmlow filed a counterclaim and cross-claim.  The trial court held that Vessels was a bona fide purchaser for value and dismissed Strahler's claims against him and Dehmlow.  The court granted the counterclaim in part by quieting title to the property in Vessels and ordering that immediate possession of the

property be delivered to him.  The court denied the remaining portions of the counterclaim and cross-claim.  In its judgment entry, the court stated that there was "no just cause for delay" of an appeal from its rulings.  Strahler filed an appeal from this entry but later voluntarily dismissed it.

{¶5}    The trial court scheduled a hearing to determine whether Strahler was "entitled to recover money damages" from the Amrines.  Prior to the hearing, the court ordered the parties to file briefs outlining their positions.  The Amrines filed a brief but Strahler did not.  In their brief, the Amrines argued that Strahler was not entitled to damages because she alleged no cause of action that entitled her to monetary relief from them.  They argued that her only demand for money damages in the complaint requested damages for "wrongful interference" with her legal rights, and the court never found that the Amrines committed such an act.  They argued that Strahler "did not allege, did not prove, and [the trial court] did not find, that the Amrines breached a contract, that the Amrines were unjustly enriched, that the Amrines were equitably stopped, or any other cause of action that would entitled Plaintiff to damages."  Before the damages hearing began, the Amrines' attorney reiterated his position that Strahler could not get damages because she only sought them in relation to "wrongful interference with business activities," and the court never found the Amrines did that.

{¶6}    After the damages hearing, the court granted Strahler a judgment against the Amrines for $37,798.96 under the theory of unjust enrichment/quasi contract because she made improvements to the property, paid real estate taxes, paid building insurance, and gave the Amrines a down-payment.  This appeal followed.

II.  Assignments of Error

**{¶7}**  The Amrines assign four errors for our review:

**ASSIGNMENT OF ERROR NO. 1**

The lower court erred in granting judgment in favor of Plaintiff based on a theory of quasi-contract as it held that the oral agreement was barred by the statute of frauds.

**ASSIGNMENT OF ERROR NO. 2**

The lower court erred in awarding damages when the Plaintiff failed to meet [her] burden of proof.

**ASSIGNMENT OF ERROR NO. 3**

The lower court erred in calculating the amount of damages as it failed to consider relevant facts.

**ASSIGNMENT OF ERROR NO. 4**

The lower court erred in awarding damages when the Plaintiff did not pray for damages against the Amrines.

III.  Does the Complaint Give Fair Notice of an Unjust Enrichment Claim?

**{¶8}**  In their first assignment of error, the Amrines contend in part that the trial court erred when it granted Strahler a judgment based on unjust enrichment because she failed to make that claim in her complaint.  In their fourth assignment of error, the Amrines contend that the court could not order them to pay damages for unjust enrichment because Strahler never requested them in the complaint.  Because these issues are related, we address them together.

**{¶9}**  Whether a complaint sufficiently sets forth a claim presents a question of law we review de novo.  *See Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 525-526, 639 N.E.2d 771 (1994) (where the Supreme Court of Ohio appears to conduct a de novo review).  *See by way of analogy Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207, 883 N.E.2d 1122, ¶ 20 (applying de novo review to ruling on a

Civ.R. 12(B)(6) motion to dismiss complaint for failure to state a claim upon which relief can be granted). "Although some claims, such as fraud, have heightened pleading requirements (see Civ.R. 9), a claim of unjust enrichment is not subject to any special pleading requirements." *HLC Trucking v. Harris*, 7th Dist No. 01 BA 37, 2003-Ohio-694, ¶ 24. Under Civ.R. 8(A), Strahler's complaint only had to contain: "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Moreover, "[i]f the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading * * *." Civ.R. 8(A).

{¶10} "The purpose of Civ.R. 8(A) is to give the defendant fair notice of the claim and an opportunity to respond." *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26, 31, 729 N.E.2d 1285 (1999). "A party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationships of the parties." *Illinois Controls, Inc.* at 526. " 'The rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.' " *Id.*, quoting McCormac, *Ohio Civil Rules Practice*, Section 5.01, at 102 (2d Ed.1992). "[T]hat each element of [a] cause of action was not set forth in the complaint with crystalline specificity" does not render it "fatally defective and subject to dismissal." *Border City S. & L. Assn. v. Moan*, 15 Ohio St.3d 65, 66, 472 N.E.2d 350 (1984) (per curiam). However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *See*

*Hunt v. Mercy Med. Ctr.*, 5th Dist. No. 11-CA-30, 2011-Ohio-3678, ¶ 13, citing *Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1982).  In other words, if there is no hint in the pleadings of proof of a particular point necessary to enable the pleader to prevail, the pleader has failed to provide the notice required by the rule.  *See Ohio Civil Rules Practice*, Section 5.02, 103.

**{¶11}**  "[U]njust enrichment is a quasicontractual theory of recovery."  *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App.3d 439, 2008-Ohio-4034, 894 N.E.2d 1301, ¶ 20, citing *Hummel v. Hummel*, 133 Ohio St. 520, 14 N.E.2d 923 (1938), paragraph one of the syllabus.  Unjust enrichment occurs when a party "has and retains money or benefits which in justice and equity belong to another."  *Hummel* at 528.  To prevail on a claim of unjust enrichment, the plaintiff must demonstrate:  " '(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.' "  *Dailey* at ¶ 20, quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).  "Quantum meruit is the measure of damages afforded in an action for quasicontract."  *Id.*  Quantum meruit is the value of the benefit conferred on the other party.  *Myers v. Good*, 4th Dist. No. 06CA2939, 2007-Ohio-5361, ¶ 12.

**{¶12}**  In her complaint, Strahler alleged that the defendants "interfered with [her] enjoyment of her business property and with her lease with tenants in the building." (Complaint ¶ 12).  She also alleged that her "business has been interfered with by Defendants; and she has been damaged in an amount in excess of $25,000.00, for which she should be reimbursed by Defendants."  (Complaint ¶ 18).  In paragraph B of

her prayer for relief, she demanded a judgment "against the Defendants, jointly and severally, for damages caused * * * [by] the Defendants' wrongful interference with the legal rights of the Plaintiff in an amount to be determined[.]"  In her appellate brief, Strahler suggests this language in her complaint entitles her to relief for unjust enrichment.  (*See* Appellee's Br. 2).  However, these statements give no indication that Strahler conferred any benefit on the Amrines which they knew about and that would be unjust for them to retain.  The statements did not give the Amrines fair notice of an unjust enrichment claim.

{¶13}  Strahler also suggests that paragraph E of her prayer for relief, in which she demanded "such other further relief that the circumstances warrant" justifies the trial court's judgment.  (*See* Appellee's Br. 2).  However, this boilerplate request for relief also gives no indication that Strahler sought relief for a benefit she conferred on the Amrines.  Thus, this statement also did not give the Amrines fair notice of an unjust enrichment claim.

{¶14}  The only language in Strahler's complaint that could arguably support an unjust enrichment claim is her allegation that she "expended a significant amount of money on this property, which should be reimbursed to her by Defendants."  (Complaint ¶ 17).  But this vague statement does not suggest that Strahler conferred any benefit on the Amrines which they knew about and that would be unjust for them to retain.  Earlier in the complaint, Strahler did allege that she made payments to the Amrines for "each and every facet of the Land Contract, to wit: monthly payments, taxes, insurance, and improvements."  (Complaint ¶ 5).  Examining these allegations together, we might infer that the "significant amount of money" Strahler expended included these alleged

payments to the Amrines.  However, Strahler specifically alleged that she paid for these items under a contract, at best suggesting a breach of contract occurred when the Amrines sold the property to Vessels.  But the mere fact that the trial court concluded Strahler did not have a contract with the Amrines would not convert any breach of contract claim to one for unjust enrichment.  *See Chaney v. Village of Potsdam*, 2nd Dist. No. 05CA14, 2005-Ohio-5908, ¶ 18.  Therefore, we hold that the complaint did not give the Amrines fair notice of an unjust enrichment claim for damages.

**{¶15}**  We reverse the portion of the trial court's decision awarding Strahler damages for unjust enrichment.  We sustain the Amrines' first assignment of error in part and sustain their fourth assignment of error.  This decision renders moot the remainder of the first assignment of error in which the Amrines contend that the evidence did not support a finding of unjust enrichment.  This decision also renders moot the Amrines' second and third assignments of error in which they argue that the trial court committed various other errors in awarding Strahler damages.

JUDGMENT REVERSED IN PART AND<br>CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
         William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**