[Cite as *Natl. City Mtge. Co. v. Wellman*, 2016-Ohio-5546.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| National City Mortgage Company, | : | Case No. 15CA27 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Mark R. Wellman, et al. | : | **RELEASED: 08/24/2016** |
| Defendants-Appellants. | : | |

<u>APPEARANCES</u>:

Mark R. Wellman, pro se appellant.

William A. Sieck, and Marcel C. Duhamel, Vorys, Sater, Seymour and Pease, LLP, for appellee.

Per Curiam

{¶1}    Defendants-appellants, Mark. R. Wellman and Gina Wellman ("the Wellmans"), pro se, appeal from a decision and entry of the Pickaway County Court of Common Pleas denying their motion to vacate an agreed foreclosure decree and other entries in a foreclosure case.  For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶2}    In March 2002, National City Mortgage Company ("National City") filed a complaint in foreclosure alleging the Wellmans defaulted on their obligations under a note and mortgage issued in 1994 for the property located at 18825 Island Road, Circleville, Ohio ("the property").  The parties agreed on January 30, 2003, after the Wellmans filed three separate petitions for bankruptcy protection in 1996, 1998, and 2002, to resolve the foreclosure matter by a settlement in the form of a forbearance agreement.  Pursuant to the forbearance agreement, the Wellmans approved the filing of an agreed foreclosure decree and National City agreed to forbear from bringing the

property to sheriff's sale so long as the Wellmans were not in default of their obligations under the forbearance agreement. However, in February 2003, the Wellmans defaulted on their obligations and filed a fourth bankruptcy petition.

{¶3} Following the dismissal of the Wellmans' fourth bankruptcy case, National City moved the trial court on February 24, 2006 to enforce the parties' settlement and enter the agreed foreclosure decree. The Wellmans filed a response on March 7, 2006 and National City filed a reply on April 21, 2006. Additionally, the Wellmans filed a counterclaim against National City alleging fraudulent loan accounting. National City moved to dismiss the counterclaim on May 5, 2006. After a hearing conducted September 27, 2006, the trial court granted National City's motion to enforce the settlement agreement, granted National City's motion to dismiss the Wellmans' counterclaim, and entered final judgment and a decree of foreclosure. The trial court journalized its judgment in an October 31, 2006 judgment entry and decree in foreclosure.

{¶4} The Wellmans appealed the foreclosure judgment on November 17, 2006. The court affirmed the foreclosure judgment on January 18, 2008. *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207 (4th Dist.). The Wellmans appealed this court's decision to the Supreme Court of Ohio which denied jurisdiction and dismissed the discretionary appeal on June 4, 2008. *Natl. City Mtge. Co. v. Wellman*, 118 Ohio St.3d 1435, 2008-Ohio-2595.

{¶5} On August 27, 2007, during the pendency of the appeal, the Wellmans moved this court to dismiss the foreclosure case, arguing National City lacked standing to sue. The court denied the motion for lack of jurisdiction on October 3, 2007.

Subsequently, on October 10, 2007, the Wellmans filed a motion in the trial court to dismiss the foreclosure complaint, again arguing National City lacked standing at the time it filed the complaint. The parties briefed the issue, and the trial court denied the motion to dismiss the foreclosure complaint in a January 22, 2008 decision and entry. The trial court expressly noted it had already rendered final judgment in the foreclosure action prior to the Wellmans' filing their motion to dismiss.

{¶6} The Wellmans appealed the trial court's denial of their motion to dismiss, and the matter was dismissed for lack of a final appealable order in an April 1, 2008 decision and judgment entry. The Wellmans sought review in the Supreme Court of Ohio, but the Supreme Court denied jurisdiction and dismissed the appeal on September 10, 2008.

{¶7} On March 4, 2008, the Pickaway County Sheriff conducted a public sale of the property at which National City purchased the foreclosed property. The Wellmans then vacated the property.

{¶8} Nearly five years later, on January 22, 2013, the Wellmans filed a motion to vacate the foreclosure judgment. The Wellmans argued that the Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017 applied retroactively to the foreclosure judgment and that National City lacked standing when it filed the complaint in foreclosure. Plaintiff-appellee, PNC Bank, National Association ("PNC"), successor in interest to National City, filed a response in opposition to the Wellmans' motion to vacate, and the Wellmans filed a reply.

{¶9} The trial court referred the matter to a magistrate. On September 15, 2014, the magistrate issued a recommendation and decision finding National City had

standing to file the complaint in foreclosure based on (1) the unopposed proof of pre-suit assignment of the note and mortgage and (2) the law of the case because the Supreme Court had declined to accept jurisdiction of the Wellmans' challenge to National City's standing.  The Wellmans filed objections to the magistrate's decision on September 26, 2014.

{¶10}  Subsequently, on October 8, 2014, the Supreme Court issued its decision in *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275 which held, in relevant part, that "[l]ack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure," and that "lack of standing does not affect the subject-matter jurisdiction of the court."  *Kuchta* at paragraphs two and three of the syllabus.  PNC filed a notice of authority of the *Kuchta* decision in the trial court.

{¶11}  On January 22, 2015, the trial court issued a decision and entry applying *Kuchta* and affirming the magistrate's decision.  The Wellmans appealed, and the matter was again dismissed for lack of a final appealable order.  On remand, the trial court entered judgment on September 28, 2015 denying the Wellmans' motion to vacate judgments.  The trial court concluded National City did have standing to file the foreclosure complaint in 2002 and, based on *Kuchta*, the doctrine of res judicata bars the Wellmans from asserting lack of standing in a motion to vacate judgments.  The Wellmans timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶12}  The Wellmans do not assert assignments of error as required by App.R. 16(A)(3), and PNC asks us to summarily affirm on this basis.  However, an appellant's failure to comply with App.R. 16(A)(3) does not mandate automatic dismissal, and we

will consider the merits of their appeal. *Simms v. Heskett*, 4th Dist. No. 01CA35, 2002-Ohio-3062, ¶ 8, citing *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 344 (8th Dist.1984) (noting an appellate court has discretion to either summarily affirm an appeal or consider the merits of the arguments advanced when an appellant fails to comply with App.R. 16(A)(3)). Though the Wellmans advance many arguments, the crux of the Wellmans' appeal is that the trial court erred in denying its motion to vacate the judgment of foreclosure and related judgments issued in the underlying case. Thus, the assignment of error we must consider is whether the trial court erred in denying the Wellmans' motion to vacate judgments.

### III. ANALYSIS

{¶13} In their brief, the Wellmans argue the trial court erred when it denied their common law motion to vacate the judgment of foreclosure issued October 31, 2006 and related judgments. More specifically, the Wellmans argue National City lacked standing to file the foreclosure complaint, so the judgments against them are void. "The determination of whether a judgment is void presents a question of law." *Patten v. Patten*, 4th Dist. No. 10CA15, 2011-Ohio-4254, ¶ 17, citing *Blaine v. Blaine*, 4th Dist. No. 10CA15, 2011-Ohio-1654, ¶ 19. " 'We review questions of law de novo.' " *State v. Elkins*, 4th Dist. No. 07CA1, 2008-Ohio-674, ¶ 12, quoting *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 23.

{¶14} In support of their argument, the Wellmans assert (1) National City and the trial court committed fraud in the inducement related to the Wellmans' agreeing to the forbearance agreement; (2) the trial court abused its discretion in its rulings related to the forbearance agreement in 2003 and the judgment of foreclosure in 2008; (3) National City lacked standing to file the foreclosure action; (4) National City committed

misrepresentation in filing a misleading affidavit; (5) National City committed theft and fraud and the trial court was complicit in that theft and fraud by ruling against the Wellmans; (6) the trial court's decision denying the Wellmans' motion to vacate judgments was so arbitrary as to constitute R.I.C.O. mail fraud in violation of 18 U.S.C. 1961(1)(B); and (7) the trial court and appellate court judges who have ruled against the Wellmans during the extensive procedural history of this case have engaged in a pattern of corrupt activity sufficient to constitute racketeering in violation of R.C. 2923.31.

{¶15}  In the trial court, the Wellmans argued the trial court should vacate the judgment of foreclosure and related judgments because National City lacked standing to file suit.  As PNC correctly notes, the Wellmans did not raise before the trial court their arguments related to fraud in the inducement, abuse of discretion in the underlying foreclosure case, misrepresentation, theft and fraud, mail fraud, and racketeering.  "It is axiomatic that a litigant's failure to raise an issue at the trial court level waives the litigant's right to raise that issue on appeal."  *Whitt v. Wolfinger*, 4th Dist. No. 14CA3455, 2015-Ohio-2726, ¶ 47.  Thus, we agree with PNC that the Wellmans have waived these issues on appeal, and we decline to address them.  *Id*.

{¶16}  The sole issue remaining, then, is whether the trial court erred in denying the Wellmans' motion to vacate judgments based on National City's alleged lack of standing.  As the trial court noted, the Wellmans appealed from the foreclosure judgment and argued at that time, in both the appellate court and the trial court, that National City lacked standing to file the initial complaint.  Where "the issue of standing could have been and in fact was raised during the foreclosure proceedings, res judicata

prevents" the Wellmans from using the issue of an alleged lack of standing in a subsequent motion to vacate to establish entitlement to relief. *Kuchta* at ¶ 15. Thus, the trial court correctly concluded that the doctrine of res judicata precludes the Wellmans from collaterally attacking the judgment in foreclosure by again raising the lack of standing in a common law motion to vacate. *Id.* at ¶ 16 (noting it is well-established that a post-judgment motion "cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion"). Additionally, to the extent the Wellmans argue National City's alleged lack of standing renders the judgment void ab initio by depriving the trial court of subject-matter jurisdiction, "a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *Id.* at ¶ 23. Because National City's alleged lack of standing would have no effect on the subject-matter jurisdiction of the trial court over the foreclosure action, the judgment in foreclosure was not void ab initio. *Id.* at ¶ 23-24.

{¶17} Accordingly, we conclude the trial court correctly relied on *Kuchta* in denying the Wellmans' motion to vacate judgments. Therefore, we overrule what we construe to be the Wellmans' sole assignment of error.

## IV. DISPOSITION

{¶18} Based on the foregoing reasons, the trial court did not err in denying the Wellmans' motion to vacate judgments. Having overruled what we construe to be the Wellmans' sole assignment of error, we affirm the judgment of the Pickaway County Court of Common Pleas.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

* Sadler, J., Dorrian, J., & Luper Schuster, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
Lisa L. Sadler, Judge*


BY: _____
Julia L. Dorrian, Judge*


BY: _____
Betsy Luper Schuster, Judge*


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


* Julia L. Dorrian, Lisa L. Sadler, and Betsy Luper Schuster, Judges of the Tenth Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.