[Cite as *Sode v. Muskingum Cty. Court of Common Pleas*, 2019-Ohio-4647.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JERRY and BRENDA SODE | : | JUDGES: |
| | : | |
| Petitioners | : | Hon. John W. Wise, PJ. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise Jr., J. |
| -vs- | : | |
| | : | |
| MUSKINGUM COUNTY COURT | : | Case No. CT2019-0044 |
| OF COMMON PLEAS, et al. | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Writ of Prohibition


JUDGMENT:                                       DISMISSED


DATE OF JUDGMENT ENTRY:        November 7, 2019


APPEARANCES:

For Petitioner:                                  For Respondent:

Peter D. Traska                               D. Michael Haddox
Michelle L. Traska                           Prosecuting Attorney
Traska Law Firm, LLC                     Muskingum County
4352 Pearl Road, Suite A               Mark A. Zanghi
Cleveland, Ohio  44109                  Assistant Prosecuting Attorney
                                                       P.O. Box 189
                                                       27 North 5th Street, Suite 201
                                                       Zanesville, Ohio  43702-0189

*Delaney, J.*

**{¶1}** On May 24, 2019, Petitioners, Jerry and Brenda Sode, filed a Complaint in Prohibition against Respondents, Muskingum County Court of Common Pleas; Judge Mark C. Fleegle; and Matthew J. Lutz, Muskingum County Sheriff ("Respondents"). The Sodes seek an order from this Court vacating Respondent, Judge Fleegle's April 24, 2019 order of sale that for the third time ordered for sale the four parcels of property that are the subject of this writ. The Sodes also ask this Court to order the subject parcels forfeited to the state of Ohio in accordance with R.C. 5723.01(A)(1)-(3). The Muskingum County Prosecutor, on behalf of Respondents, has moved to dismiss the Sodes' Complaint for Writ of Prohibition under Civ.R. 12(B)(6).

**{¶2}** The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. Further, in considering a motion to dismiss under Civ.R. 12(B)(6), a court is permitted, under Civ.R. 10, to consider written instruments if they are attached to the complaint. (Citations omitted.) *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207, 883 N.E.2d 1122, ¶17 (4th Dist.).

**{¶3}** Under this standard, we now turn to the facts of this case. The Sodes own real property located at 1619 Pershing Road, Zanesville, Ohio. Respondent, Judge Fleegle, is currently presiding over a tax foreclosure action concerning four parcels of

property adjacent to the Sodes' property. The four parcels are vacant land formerly owned by National Plumbing Pottery. The foreclosure action pertaining to these four parcels of land commenced on May 1, 2018 (Case No. CV 2018-0044). Muskingum County obtained default judgment on July 30, 2018, and ordered the statutorily required sheriff's sales the same day. Thereafter, sheriff's sales were conducted on October 18, 2018, and November 8, 2018, but the parcels never sold. The sheriff subsequently returned the order on November 14, 2018 indicating "NO BID / NO SALE."

{¶4} On November 16, 2018, the trial court issued several notices to potentially interested parties as required by R.C. 5723.01(A)(1)-(3). The notified parties included a political subdivision, school district, and county land reutilization corporation. None of the notified parties petitioned for forfeiture of the parcels. On December 14, 2018, the Muskingum County Prosecutor moved for forfeiture to the state of Ohio. Respondent, Judge Fleegle, denied the motion for forfeiture to the state on March 29, 2019, and thereafter on April 24, 2019 ordered the parcels for sale again. Respondent, Sheriff Matthew Lutz, scheduled the four parcels for sale on May 30, 2019. This Court issued a Judgment Entry on May 28, 2019 staying the scheduled sheriff's sale during the pendency of this writ.

{¶5} The Sodes allege Respondent, Judge Fleegle, "patently and unambiguously lacked jurisdiction to order a third sale." Complaint in Prohibition, ¶22. They maintain under R.C. 5723.01(A)(2), the court was required to forfeit the property to the state and therefore, Respondent, Judge Fleegle, lacked jurisdiction to enter the third sale order on April 24, 2019. *Id.* The Sodes further allege they have an interest in the four parcels at issue because they became the subject of a purchase agreement between

them and the Muskingum County Land Reutilization Corporation ("MCLRC") in April 2018, which the Sodes assert is reflected in its meeting minutes from April 24, 2018. *Id.* at ¶9. These minutes provide:

New Submittals:

1. Jerry and Brenda Sode DBA A-One Towing of 1619 Pershing Rd. submitted a bid of $5,000.00 for 10 parcels making up the former National Plumbing and Pottery property. They plan to clean up property and fence in to secure for business use. Foreclosure process has been started on this property. J. Porter made a motion to move to (sic) treasurer at high priority for foreclosure process, acquire the property and sell to Jerry and Brenda Sode when land bank has possession. J. Huey seconded the motion All were in favor. Motion carried.

{¶6} The Sodes further point out that on December 11, 2018, the MCLRC affirmed its intent to sell the property to them once the MCLRC obtained title. The minutes indicate:

Dustin Daniels of 4901 Old Coopermill Rd, Zanesville, submitted an offer of $80,000 for the National Plumbing property at 1730 Dearborn St. Parcel #62-28-02-01-000; 62-29-01-01-000; 62-29-01-07-000; 83-01-05-07-000 for industrial development. The Board decided to honor the previous motion to accept the offer on April 24, 2018 from Jerry & Brenda Sode (A-One Towing) for $5,000.

**{¶7}** The Sodes maintain that based on the MCLRC meeting minutes and their efforts to clean-up and rehab the four parcels in question, they are entitled to the relief requested in their Complaint in Prohibition.

<u>Statute of Frauds and Standing</u>

**{¶8}** We will not address the merits of the Sodes' Complaint in Prohibition as we find they do not have standing to bring this original action. The Sodes' request for relief is based on the underlying premise that they have a purchase agreement with the MCLRC. However, the documents attached to the Sodes' Complaint in Prohibition indicate that is not the case. The Sodes have no written purchase agreement with the MCLRC and the MCLRC does not currently own the four parcels in dispute. Instead, the Sodes rely on minutes from the April 24, 2018 MCLRC meeting wherein it is noted that foreclosure had commenced on the four properties and once the MCLRC acquired the properties it would sell the properties to the Sodes. *See* Complaint in Prohibition, ¶9.

**{¶9}** The law is well-established in Ohio that an oral agreement to sell real estate is not enforceable under the statute of frauds, with a few equitable exceptions, such as partial performance and/or the doctrine of promissory estoppel. (Citations omitted.) *Hunter v. Green*, 5th Dist. Coshocton No. 12-CA-2, 2012-Ohio-5801, ¶¶27, 31. The purpose of the statute of frauds is to provide "greater assurance that the parties and the public can reliably know when * * * a transaction occurs[,]" because it has been reduced to a writing and is signed." *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 348, 476 N.E.2d 388 (8th Dist.1984). Ohio's statue of frauds codified in R.C. 1335.05 requires certain agreements to be in writing and states:

No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Further, R.C. 1335.04 states that "[n]o lease, estate, or interest * * * in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing."

{¶10} Here, it is undisputed no written purchase agreement exists between the Sodes and the MCLRC. Thus, the Sodes oral agreement reflected in the MCLRC's minutes does not satisfy the statute of frauds. However, the Sodes make an equitable argument and maintain they relied on the fact that at the MCLRC's December 2018 meeting, the MCLRC again reiterated its commitment to obtain the four parcels and sell them to the Sodes. Affidavit Jerry Sode at ¶7. Further, after the county moved for forfeiture to the state of Ohio, the Sodes undertook extensive efforts to clear the four lots of overgrowth, trash, and to improve access to the properties. *Id.* at ¶8. Mr. Sode estimated the value of these improvements totaled approximately $14,000. *Id.* Thus, the question becomes whether these actions remove this transaction from the statute of frauds.

{¶11} In *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 209 N.E.2d 194 (1965), paragraph four of the syllabus, the Ohio Supreme Court addressed the issue of part performance and the statute of frauds explaining:

Part performance to be sufficient to remove an agreement from the operation of the statute of [frauds] * * * must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties *in statu quo*.

{¶12} Further, to be entitled to enforce an oral contract for the sale of land, the one claiming to have purchased the land must have performed acts which changed his position to his prejudice in reliance on that promise. *Tier v. Singrey*, 154 Ohio St. 521, 97 N.E.2d 20 (1951), paragraph two of the syllabus. Thus, possession of land does not remove the sale of that land from the operation of the statute of frauds. *Id.* at 526. Only "[p]art performance of the contract may constitute a ground for relief from the statute of frauds, of which possession is usually an element." *Id.*

{¶13} Admittedly, the Sodes made improvements to the four parcels relying on the MCLRC's promise to sell the land to them. However, there is no evidence the Sodes partially performed the alleged contract with the MCLRC, which is required to take this matter outside the operation of the statute of frauds. Because the cleaning up of the four parcels and improved access to them were not contract terms between the Sodes and the MCLRC, the Sodes' improvements to the property do not equate to part performance of the contract. The improvements the Sodes made to the four parcels benefited them, on the belief that someday they would own the parcels. The improvements were not done as part performance of any contractual obligations to the MCLRC.

{¶14} Promissory estoppel also does not take this matter outside the statute of frauds. "Courts generally apply the promissory-estoppel exception to the statute of frauds

defense 'only in narrow circumstances.' " *HAD Ents. v. Galloway*, 192 Ohio App.3d 133, 145, 2011-Ohio-57, 948 N.E.2d 473, ¶26 (4th Dist.), citing *Beaverpark Assoc. v. Larry Stein Realty Co.*, 2nd Dist. Montgomery No. 14950, 1995 WL 516469, *5 (Aug. 30, 1995). In order for promissory estoppel to apply, there must be "either a misrepresentation that the statute of fraud's requirements have been complied with or a promise to make a memorandum of the agreement." *Id*. Neither applies here. There was no misrepresentation that the statute of frauds' requirements had been satisfied. The MCLRC knew it could not enter into the required purchase agreement to satisfy the statute of frauds because it did not own the four parcels. Further, the MCLRC never made a promise, in its minutes to enter into a memorandum of its agreement with the Sodes.

{¶15} Therefore, because the Sodes do not have an enforceable purchase agreement, under the statute of frauds, they lack standing to pursue their Complaint in Prohibition. "Standing" is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶27, citing *Black's Law Dictionary* 1442 (8th Ed.2004). A party must establish standing to sue before a court can consider the merits of a legal claim. *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994). "Standing 'relates to whether a party has a personal stake in the outcome' of a case, and a lack of standing may require a court to dismiss an action." (Citations omitted.) *Thies v. Wheelock*, 2017-Ohio-8605, 100 N.E.3d 903, ¶10 (2d Dist.).

{¶16} " '[A] party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' " (Emphasis sic.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio

St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas, Franklin Cty.*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973).

{¶17} Thus, in order for the Sodes to establish standing, they must show they suffered "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). These three factors comprise the constitutional minimum for standing. *Lujan* at 560. Finally, "[i]t is well settled that standing does not depend on the merits of the [petitioners'] contention that particular conduct is illegal or unconstitutional. Rather, standing turns on the nature and source of the claim asserted by the [petitioners.]" *Moore* at ¶ 23, citing *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

{¶18} Here, the MCLRC's April 24, 2018 minutes reflect the Sodes have an oral agreement with the MCLRC to purchase the four parcels at issue once the MCLRC obtains ownership of the properties. Because this oral promise from the MCLRC to the Sodes does not constitute a valid purchase agreement, under the statute of frauds, the Sodes have no personal stake in the outcome of the forfeiture proceedings. That is, they have no purchase agreement to enforce and therefore, have no standing to challenge Judge Fleegle's decision to schedule a third auction for the sale of the four parcels. We therefore grant Respondents' Motion to Dismiss under Civ.R. 12(B)(6) because the Sodes can prove no set of facts entitling them to the relief requested in their Writ of Prohibition.

**{¶19}** Finally, we note the Sodes have not been denied the opportunity to purchase the four parcels. They can still do so at the third sheriff's sale, although the price of the four parcels may be in excess of what the MCLRC indicated it would sell the parcels for once it obtained ownership.

**{¶20}** For the foregoing reasons, we grant Respondents' Motion to Dismiss under Civ.R. 12(B)(6). The stay issued by the Court on May 28, 2019, is hereby lifted.

**{¶21}** MOTION GRANTED.

**{¶22}** CAUSE DISMISSED.

**{¶23}** COSTS TO PETITIONERS.

**{¶24}** IT IS SO ORDERED.

By, Wise, John, P.J.

Delaney, J. and

Wise, Earle, J. concur.