[Cite as *State v. Seiple*, 2020-Ohio-1266.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019CA00087 |
| SAMUEL SEIPLE | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2019CR0792

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     March 31, 2020

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

EUGENE O'BYRNE
101 Central Plaza, South
500 Chase Tower
Canton, Ohio  44702

*Hoffman, P.J.*

{¶1} Appellant the state of Ohio appeals the judgment entered by the Stark County Common Pleas Court dismissing an indictment charging Appellee Samuel Seiple with one count of sexual battery (R.C. 2907.03(A)(9)).

STATEMENT OF THE CASE[1]

{¶2} On May 7, 2018, Appellee was indicted on one charge of sexual battery by the Stark County Grand Jury. The Bill of Particulars filed by the State on June 20, 2018, recites Appellee engaged in a continuous course of sexual conduct, specifically vaginal intercourse and oral sex, with Jane Doe from December 1, 1995, to May 31, 1996.

{¶3} Appellee moved to dismiss the indictment on October 23, 2018. He argued the prosecution was barred by the statute of limitations and pre-indictment delay. As to pre-indictment delay, he argued the unnecessary passage of time would prevent him from locating and presenting favorable witnesses, and has prevented him from preserving necessary evidence.

{¶4} The State argued Appellee did not articulate specific prejudice which resulted from the pre-indictment delay. Appellee filed a supplemental motion to dismiss, arguing it was impossible to locate a letter which would be material to his defense, as well as witnesses and physical evidence. Appellee further argued the victim had the opportunity to prosecute and bring her case to court in 2017:

> The state had been in contact with D.W. about her case and presenting her claims in Court while the defendant was being prosecuted in

---

[1] A rendition of the facts is unnecessary for our resolution of the issue raised on appeal.

Stark County Common Pleas Court Case No. 2017 CR 1346. She declined the opportunity to be involved and the defendant was subsequently convicted of Unlawful Sexual Conduct with a Minor. Clearly, the state has gained a tactical advantage over the defendant when they now have a conviction for the alleged same type of conduct. D.W. knew the significance of her involvement and was given the opportunity to proceed and declined after delaying twenty-three years and then after conviction decides to prosecute. *The defendant was substantially prejudiced because of the two plus decade delay in prosecution and now the state wishes to prosecute and try him with an Unlawful Sexual Conduct with a Minor conviction on his record.*

**{¶5}** Supp. Motion to Dismiss, 1/16/19.

**{¶6}** In response, the State argued the case involved a seventeen-year-old victim who was devastated by the conduct of a person she trusted, and filed the affidavit of the victim under seal in support of its argument.

**{¶7}** The court granted Appellee's motion to dismiss, noting in the judgment entry that plea negotiations in the prior case, 2017CR1346, took place in chambers between the State, Appellee, and the court. During these discussions, both the State and Appellee were aware of the fact the victim in the instant case had come forward with similar allegations during a much earlier time frame, and Appellee was reluctant to proceed with a plea in 2017CR1346 if additional charges would potentially be forthcoming. The court continued:

It was at that time that the State explicitly represented in the presence of the Court that "D.W." did not wish to proceed with charges, that she had come forward in support of "A.J." and that the State had no intention of proceeding with additional charges regarding the conduct with "D.W." While the State indicated that it would understandably not make any representations regarding any additional victims who may come forward in the future, it indicated that no additional charges relating to conduct with those known victims (i.e. "A.J." and "D.W.") would be brought. The Defendant entered into his plea of guilty and, indeed, provided his allocution in reliance upon those representations of the State of Ohio. This was a negotiated term that was not only discussed multiple times but was confirmed moments before going on the record for the plea hearing in Case 2017CR1346. Despite its previous representations to the contrary, approximately ten months later, on May 7, 2018, the State filed a secret indictment charging the Defendant with one count of Sexual Battery, in violation of R.C. §2907.03(A)(9), a felony of the third degree, for the alleged conduct between the Defendant and "D.W."

In evaluating this issue in light of the foregoing facts, the Court finds the parties' focus on prejudice arising from the unavailability of particular pieces of evidence to be secondary to the prejudice that resulted to the Defendant from his reliance upon the State's representations. Actual prejudice can result from more than just loss of pieces of evidence in a case. For the State to represent that evidence (the allegation of "D.W." ) has been

considered and potentially even presented to a Grand Jury (see docket of Case 2017CR1346) and that charges from the evidence will not be brought, and to further allow Defendant to resolve a case by way of a Bill of Information in reliance upon that representation, and then to later renege on that representation and go forward with an indictment based upon that same evidence or information puts the Defendant in the position of having to defend this "new" case with a "prior" conviction. The Court finds that this creates an incredible degree of actual prejudice to the Defendant, not to mention the affect [sic] that such action has upon the integrity of the justice system.

**{¶8}** Judgment Entry, May 24, 2019.

**{¶9}** The trial court concluded the State's actions taken in the prior case created actual prejudice in the instant case, and accordingly dismissed the indictment.

**{¶10}** It is from the May 24, 2019, judgment the State prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A FINDING OF PREINDICTMENT DELAY BASED ON INFORMATION OUTSIDE THE RECORD.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING THE INDICTMENT FOR PREINDICTMENT DELAY BECAUSE (1) THE FINDING THAT THE STATE VIOLATED A PLEA

AGREEMENT WAS NOT SUPPORTED BY THE RECORD AND COULD NOT BE GROUNDS FOR DISMISSAL; AND (2) THE RECORD DOES NOT REFLECT THAT THE STATE ACTED IN A MANNER INTENDED TO GAIN AN UNFAIR ADVANTAGE OVER THE DEFENSE AND/OR THAT THE DEFENSE WAS PREJUDICES [SIC] BY THE DELAY IN THE GRAND JURY PRESENTATION OF THE CASE AT BAR.

I.

**{¶11}** In its first assignment of error, the State argues the court erred in making a finding of preindictment delay based on information outside the record.

**{¶12}** While the State has supplemented the record with a transcript of the plea hearing in the prior case, this transcript was not filed with the trial court and was therefore not evidence before the court at the time the court ruled on the motion to dismiss in the instant indictment.

**{¶13}** The trial judge relied on her personal recollections of the plea discussions in chambers in Case No. 2017CR1346, rather than on evidence presented to the court in support of or opposition to Appellant's motion to dismiss. While the court did not expressly state it was taking judicial notice of the proceedings in the prior case, we find the court's judgment analogous to the situation in which a court takes judicial notice of the proceedings in a case other than the case at bar. As this Court has previously recognized:

> A trial court can take judicial notice of the court's docket. *Helfrich v. Madison*, 5th Dist. Licking No. 08–CA–150, 2009–Ohio–5140, ¶ 49, citing

*State v. Washington*, 8th Dist Cuyahoga Nos. 52676, 52677, 52678, 1997 WL 16180 (Aug. 27, 1987). However, a court does not have the authority to take judicial notice of the proceedings in another case, including its own judgment entries. *Id.*, citing *State v. LaFever*, 7th Dist. Belmont No. 02 BE 71, 2003–Ohio–6545, ¶ 27; *State v. Blaine*, 4th Dist. Highland No. 03CA9, 2004–Ohio–1241, ¶ 17; *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 454 N.E.2d 1330(4th Dist.1982); *NorthPoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008–Ohio– 5996, 901 N.E.2d 869 (8th Dist.), ¶ 16. The rationale for this holding is that if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. *Id.*, citing *Blaine, supra*, ¶ 17; *LaFever, supra*, ¶ 27.

However, both the trial court and this Court can take judicial notice of court filings which are readily accessible from the internet. *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014–Ohio–1933, ¶ 35, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007–Ohio–4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

**{¶14}** *Morello v. Ferrucio*, 5th Dist. Stark No. 2014CA00139, 2015-Ohio-1370, ¶¶ 8-9.

{¶15} As in the situation where the court takes judicial notice of a prior proceeding, leaving this Court with nothing to review, in the instant case the trial court relied on its recollections of in-chambers plea negotiations in the prior case which are not a part of the record, leaving this Court with nothing to review.

{¶16} The State argues at page 7 of its brief, "The trial court's recollection and interpretation of matters outside the record are different from the State's position that no promise not to prosecute was agreed upon by the parties in Seiple I." Appellee argues in his brief at page 5, "Although Appellant maintains the trial court abused its discretion when it relied on facts not contained in the record, Appellee argues that all facts relied upon by the trial court were known by all parties." However, none of the facts regarding the plea discussions held in chambers in 2017CR1346 are known by this Court, as evidence of such discussions were not made a part of the record before the trial court. We are unable to review the trial court's factual and legal conclusions based on the state of the record as it presently exists in the case at bar.

{¶17} Accordingly, we find the trial court erred in relying on information outside the record in ruling on the motion to dismiss in the instant case. The first assignment of error is sustained.

II.

{¶18} In its second assignment of error, the State argues the court erred as a matter of law in dismissing the indictment in the instant case. As discussed in our resolution of the first assignment of error, based on the state of the record in this case, we cannot review the trial court's factual and legal conclusions, and the State's second assignment of error is therefore premature.

**{¶19}** The judgment of the Stark County Common Pleas Court is reversed and this case is remanded to that court for further proceedings according to law and consistent with this opinion, including the development of the record regarding the plea agreement in Stark County Common Pleas Court Case No. 2017CR1346.

By: Hoffman, P.J.

Baldwin, J. and

Wise, Earle, J. concur