[Cite as *Gaslite Leasing, L.L.C. v. Haupt*, 2020-Ohio-2856.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GASLITE LEASING, LLC D/B/A | : | JUDGES: |
| JACKSON RIDGE REHABILITATION | : | Hon. Patricia A. Delaney, P.J. |
| AND CARE, ET AL. | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| Relators | : | |
| | : | |
| -vs- | : | |
| | : | |
| HON. NATALIE R. HAUPT, JUDGE, | : | Case No. 2020CA00078 |
| STARK COUNTY COURT OF | : | |
| COMMON PLEAS | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Writ of Mandamus and Prohibition

JUDGMENT:        Dismissed

DATE OF JUDGMENT:        May 7, 2020

APPEARANCES:

For Relators        For Respondent

G. BRENDA COEY        JOHN D. FERRERO
The Coey Law Firm, LLC        Stark County Prosecuting Attorney
5344 Limerick Avenue, NW        STEPHAN P. BABIK
North Canton, OH 44720        Chief Prosecuting Attorney, Civil Div.
        110 Central Plaza South, Suite 510

Canton, OH 44702

*Wise, Earle, J.*

{¶ 1}   On April 9, 2020, Relators, Gaslite Leasing, LLC d/b/a/ Jackson Ridge Rehabilitation and Care and Providence Healthcare Management, Inc. (collectively, "Jackson Ridge"), filed a Complaint for Writ of Mandamus and/or Prohibition against Respondent, Judge Natalie R. Haupt of the Stark County Court of Common Pleas, General Division. Jackson Ridge asks the Court to grant it mandamus/prohibition relief to prevent Judge Haupt from enforcing Orders she issued on March 17, 2020 and April 6, 2020 in *Rhonda Meadows v. Jackson Ridge Rehabilitation and Care, et al.*, Case No. 2015CV02169. The Stark County Prosecuting Attorney represents Judge Haupt and filed a Motion to Dismiss Relators' Complaint on April 16, 2020. Judge Haupt's motion is based on Civ.R. 12(B)(1) and (6). Jackson Ridge did not file a response to the motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶ 2}   The matter that is the subject of this original action has been before the Court on two separate appeals. Jackson Ridge's first appeal challenged the trial court's Judgment Entry of June 22, 2017. (Complaint Mandamus/Prohibition at ¶ 7) In its first appeal filed on February 7, 2018, Jackson Ridge appealed to this Court and posted a supersedeas bond, with the Stark County Court of Common Pleas, in the amount of $73,357.05. (*Id.* at ¶ 8) However, we remanded the matter to the trial court because the trial court's judgment was not final and appealable due to a pending attorney fees' issue. *See Meadows v. Jackson Ridge Rehab. and Care, et al.,* Stark No. 2017CA00207, 2018-

Ohio-2653. (*Id*. at ¶ 9) Thereafter, the trial court addressed the issue of attorney fees via a Judgment Entry issued on December 5, 2018. (*Id*. at ¶ 10)

{¶ 3}   Jackson Ridge again appealed to this Court on December 28, 2018 challenging both Judgment Entries. (*Id*. at ¶ 11) For the trial court's Judgment Entry issued on December 5, 2018, Jackson Ridge posted a cash bond in the amount of $19,000, with the Stark County Court of Common Pleas, simultaneously with the filing of its appeal. (*Id*. at ¶ 12) Jackson Ridge alleges both bonds remain with the trial court. (*Id*. at ¶ 13) On July 15, 2019, this Court affirmed the trial court's decision. (*Id*. at ¶ 14) *See Meadows v. Jackson Ridge Rehab. Care, et al.*, Stark No. 2018 CA 00184, 2019-Ohio-2879. Thereafter, Jackson Ridge appealed to the Ohio Supreme Court asking it to interpret the Employee Retirement Income Security Act of 1974. (*Id*. at ¶ 15)

{¶ 4}   The Ohio Supreme Court agreed to exercise jurisdiction over Jackson Ridge's appeal on November 6, 2019. (*Id*. at ¶ 16) However, on January 21, 2020, the Ohio Supreme Court dismissed Jackson Ridge's appeal for failure to prosecute. (*Id*. at ¶ 17) *See Meadows v. Jackson Ridge Rehab. & Care*, 157 Ohio St.3d 1541, 2020-Ohio-144, 137 N.E.3d 1192. Jackson Ridge filed a Motion for Reconsideration, which the Ohio Supreme Court denied on March 11, 2020. (*Id*. at ¶¶ 18-19) *See Meadows v. Jackson Ridge Rehab. & Care*, 158 Ohio St.3d 1430, 2020-Ohio-748, 141 N.E.3d 237.

{¶ 5}   Thereafter, on March 12, 2020, Plaintiff Rhonda Meadows filed a Renewed Motion to Release the Funds on the basis that the trial court's decision had reached finality based on the Ohio Supreme Court's dismissal. (Complaint Mandamus/Prohibition at ¶ 20) On this same day, Jackson Ridge responded opposing Ms. Meadows's motion to release the bond funds and requested a stay pending further appeal. (*Id*. at ¶ 21)

Jackson Ridge pointed out that its Motion for Reconsideration was still pending before the Ohio Supreme Court and it intended to appeal the decision to the United States Supreme Court because the matter involved a federal question. (*Id.*)

{¶ 6}   On March 17, 2020, Judge Haupt issued a Judgment Entry granting the release of the bonds and denying Jackson Ridge's request for a stay. (*Id.* at ¶ 23) On April 6, 2020, Judge Haupt issued a Judgment Entry to the Stark County Clerk of Courts ordering release of the funds being held in the clerk's office. (*Id.* at ¶ 24) Jackson Ridge believes the supersedeas bond funds remain in the clerk's possession. (*Id.*) It further maintains Judge Haupt "has a clear legal duty to observe the Ohio Rules of Civil Procedure. This duty includes refraining from lifting a stay and allowing access to the supersedeas bonds when a matter is not fully and finally concluded, since all appeals have not been exhausted through the appellate process." (*Id.* at ¶ 25)

## MANDAMUS AND PROHIBITION LAW

{¶ 7}   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). "Mandamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser,* 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards,* 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri,* 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus.

'It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. *The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.*'

(Citation omitted, emphasis added.) *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).

{¶ 8}   With regard to a writ of prohibition, "Three elements are necessary for a writ of prohibition to issue: the exercise of judicial (or quasi-judicial) power, the lack of authority to exercise that power, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Save Your Courthouse Commt. v. City of Medina*, 157 Ohio St.3d 423, 2019-Ohio-3737, 137 N.E.3d 1118, ¶23, citing *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶13.

### LEGAL ANALYSIS

{¶ 9}   Judge Haupt requests dismissal of this action under Civ.R. 12(B)(1), "lack of jurisdiction over the subject matter" and Civ.R. 12(B)(6), "failure to state a claim upon which relief can be granted[.]" We find Judge Haupt is entitled to the requested relief on both grounds.

## A. Writ of Mandamus

{¶ 10} Under Civ.R. 12(B)(1), Jackson Ridge's Complaint for Writ of Mandamus must be dismissed because we cannot exercise jurisdiction in this matter. Jackson Ridge failed to file its Complaint in the name of the State of Ohio as required by R.C. 2731.04. This statute provides, in pertinent part: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Jackson Ridge filed its Complaint for Writ of Mandamus only in the names of "Gaslite Leasing d/b/a Jackson Ridge Rehabilitation and and (sic) Care and Providence Healthcare Management, Inc[.]" It did not file the Complaint in the name of the state. " 'A writ of mandamus may be denied where the action is not brought in the name of the state on the relation of the person requesting the writ.' " *State ex rel. Huntington Ins. Agency, Inc. v. Duryee*, 73 Ohio St.3d 530, 532, 653 N.E.2d 349, citing *Maloney v. Sacks*, 173 Ohio St. 237, 238, 181 N.E.2d 268 (1962). *See also Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227, 181 N.E.2d 270 (1962) ("This action in mandamus was not instituted in conformity with the provision of Section 2731.04, Revised Code, that 'application for the writ of mandamus *must* be by petition, in the name of the state on the relation of the person applying[,]' [citing] *Gannon v. Gallagher, Dir.*, 145 Ohio St. 170, 60 N.E.2d 666." (Emphasis sic.)).

{¶ 11} However, in *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 35, the Ohio Supreme Court explained that "when a failure to comply with R.C. 2731.04 is raised and relators file a motion for leave to amend the caption of the complaint to specify that the mandamus action is brought in the name of the state on their relation, [the court has] granted leave to amend so as to resolve cases

on the merits rather than on a pleading deficiency." (Citation omitted.) The Court further explained that, "[i]f, however, a respondent in a mandamus action raises this R.C. 2731.04 defect and relators fail to seek leave to amend their complaint to comply with R.C. 2731.04, *the mandamus action must be dismissed.*" (Emphasis added.) *Id.* at ¶ 36, citing *Litigaide, Inc. v. Custodian of Records for Lakewood Police Dept.*, 75 Ohio St.3d 508, 664 N.E.2d 521 (1996).

{¶ 12} Here, Judge Haupt specifically addressed the fact, in her dismissal motion, that Jackson Ridge failed to comply with the mandate of R.C. 2731.04 by failing to bring its Complaint for mandamus relief in the name of the state. (*See* Motion to Dismiss at 7-8.) Under a Judgment Entry issued by this Court on April 15, 2020, Jackson Ridge had fourteen days from the filing date of Judge Haupt's Motion to Dismiss to file a response to the motion. During that time period, Jackson Ridge could have requested leave from this Court to amend its Complaint for Mandamus to be in conformance with the statutory requirement of R.C. 2731.04. Jackson Ridge failed to do so. Therefore, we do not have proper jurisdiction over this matter and must dismiss Jackson Ridge's Complaint in mandamus under Civ.R. 12(B)(1).

## B. Writ of Prohibition

{¶ 13} Under Civ.R. 12(B)(6), we find Jackson Ridge failed to state a claim for relief via a writ of prohibition because it seeks to use the writ as a correctional remedy. The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true,

the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶10. Further, in considering a motion to dismiss under Civ.R. 12(B)(6), a court is permitted, under Civ.R. 10, to consider written instruments if they are attached to the complaint. (Citations omitted.) *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207, 883 N.E.2d 1122, ¶17 (4th Dist.).

{¶ 14} In the present matter, Jackson Ridge attached Judge Haupt's Orders of March 17, 2020 and April 6, 2020. Both Orders identify the amount due and owing plaintiff, which is $101,320.03. The March 17, 2020 Order instructs the bonding company Guarantee Company of North America USA to release $73,357.05 to plaintiff and her counsel to cover that portion of the judgment due and owing plaintiff. The April 6, 2020 Order notes that application of the supersedeas bond of $73,357.05 leaves $27,962.98 due plaintiff and her counsel. Judge Haupt ordered the clerk to immediately release $27,962.98 from the deposited funds to plaintiff and her counsel and use the remaining portion to cover court costs. Further, the Stark County Clerk of Court's docket indicates the clerk issued check #240685 to plaintiff and her counsel on April 7, 2020.[1]

{¶ 15} Jackson Ridge is attempting to use its Complaint for Writ of Prohibition to rectify Judge Haupt's actions in releasing the bond proceeds. "A writ of prohibition is a measure designed to prevent a tribunal from proceeding in a matter over which it has no authority, as opposed to a correctional remedy * * *" *State ex rel. Henneke v. Davis*, 25

---

[1] This Court can take judicial notice of court filings which are readily accessible from the internet. *See State v. Seiple*, 5th Dist. Stark No. 2019CA00087, 2020-Ohio-1266, ¶ 13.

Ohio St.3d 23, 25, 494 N.E.2d 1133 (1986). *See also State ex rel. Stefanick v. Mun. Ct. of Marietta*, 21 Ohio St.2d 102, 104-105, 255 N.E.2d 634 (1970):

> Prohibition is a preventive writ rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine. * * * It cannot be used to review the regularity of an act already performed. * * * Even if it is assumed that the civil judgment and the order of levy were unlawful, the record in this case discloses that the civil suit has already gone to judgment and the time allowed to appeal that judgment has elapsed. Appellant cannot use prohibition as a substitute for appeal.

(Citations omitted.)

{¶ 16} Here, Judge Haupt has already ordered the supersedeas funds released. Jackson Ridge acknowledges this fact by attaching Judge Haupt's two Orders instructing the clerk of courts to release the funds. Jackson Ridge cannot use a writ of prohibition as a correctional remedy in lieu of an appeal. Therefore, we grant Judge Haupt's Motion to Dismiss Jackson Ridge's Complaint for Writ of Prohibition under Civ.R. 12(B)(6).

{¶ 17} For the foregoing reasons, we hereby dismiss Jackson Ridge's Complaint for Writ of Mandamus and/or Prohibition. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 18} MOTION GRANTED.

{¶ 19} CAUSE DISMISSED.

{¶ 20} COSTS TO RELATORS.

{¶ 21} IT IS SO ORDERED.


By Earle E. Wise, Jr., J.

Delaney, P.J. and

Baldwin, J. concur.


EEW/